563 P.2d 905

Eamonn BOYLE, Jr., by and through his guardian ad litem, Eamonn Boyle, Sr., Appellant,

v.

The CITY OF PHOENIX, Arizona, a Municipal Corporation, and the City of Scottsdale, Arizona, a Municipal Corporation, Appellees.

No. 12660.

Supreme Court of Arizona, In Division.

April 27, 1977.

Robert J. Spillman, Phoenix, for appellant.

Jennings, Strouss & Salmon by Michael A. Beale and John B. Weldon, Jr., Phoenix, for appellee, City of Phoenix.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Richard J. Woods, Phoenix, for appellee, City of Scottsdale.

HOLOHAN, Justice.

This is an appeal from an order granting the appellees' motion for summary judgment. We took jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

This action arose from a collision which occurred at the intersection of 64th Street and Clinton Street in Maricopa County. While riding a bicycle, the minor plaintiff, Eamonn Boyle, Jr., was struck by an automobile operated by Duncan Copeland. The plaintiff filed a negligence action against Copeland, alleging negligent operation of his vehicle, and against the Cities of Phoenix and Scottsdale, alleging negligent maintenance of the rights-of-way. Both cities moved for and were granted summary judgments. This appeal followed.

■ In determining the propriety of granting summary judgment, the evidence and inferences must be viewed in a light most favorable to the party opposing the motion. *Savoca Masonry Company v. Homes and Son Construction Company*, 112 Ariz. 392, 542 P.2d 817 (1975). Guided by this principle, we note that on October 7, 1971, Eamonn Boyle, Jr., age 10, was riding his bicycle in an easterly direction on Clinton Street. Clinton was a dirt road graded to a width of about 30 feet but only the middle two-thirds of its width was used for travel. At approximately 4:30 p. m., he came to the intersection of 64th Street and Clinton. The intersection was controlled by a stop sign located on Clinton at its southwest corner, approximately 28 feet west of the paved portion of 64th Street which was an unlined, blacktop road, 20.8 feet wide.

The plaintiff stopped his bike on the dirt road and rested his feet on the ground while surveying the traffic on 64th. He looked north to check for southbound traffic. His view was obstructed by six-foot-high weeds and shrubbery, including a mesquite tree, growing on the lot at the northwest corner of the intersection. Seeing no approaching cars, he proceeded out into 64th Street. He never saw the southbound car which hit him.

The driver of the car which struck the plaintiff said that visibility was good that day, but because of the vegetation growth in the corner lot he could not see the 30 or 40 feet of Clinton nearest to the intersection. By the time he did see the bicycle rider it was too late to avoid him.

The area of vegetation which obscured the area of vision had grown up in the dedicated right-of-way extending 47 feet from the west edge of the 64th Street pavement. The first 22 feet of the right-of-way were in Scottsdale, and the remaining 25 feet, including the stop sign, were in Phoenix.

■ In order to find the defendant cities liable, the plaintiff must prove the three elements of actionable negligence: 1) a duty owed to the plaintiff, 2) a breach thereof and 3) an injury proximately caused by the breach. *Massengill v. Yuma County*, 104 Ariz. 518, 456 P.2d 376 (1969). The defendants rightly contend that as a matter of law they owed no duty to the plaintiff.

■ Our Court of Appeals has held that in the absence of a statute, a highway authority is not liable for personal injuries because it has allowed the view of an intersection to be obscured by weeds or bushes which have grown up in a portion of the street or along its boundary. *Hidalgo v. Cochise County*, 13 Ariz.App. 27, 474 P.2d 34 (1970). *See also Slavin v. City of Tucson*, 17 Ariz.App. 16, 495 P.2d 141 (1972). This is the rule in the majority of jurisdictions which have dealt with the question. 39 Am.Jur.2d *Highways* § 462; Anno. 42

A.L.R.2d 817. *See also* Blashfield, Automobile Law and Practice, § 163.13.

The plaintiff has not cited any statute upon which such a duty can be predicated. Instead he relies upon ordinances enacted by the respective cities.* These do not purport to regulate the natural vegetation growing in publicly owned rights-of-way, but only the planted vegetation growing on private land. These ordinances impose no duty on the defendant cities with respect to rights-of-way.

The question of whether a highway authority should be obligated to expend public funds to maintain an unobstructed view at intersections is one properly addressed to the legislature. It having been established as a matter of law that the defendant cities owed no duty to the plaintiff, granting the motion for summary judgment was proper.

Judgment affirmed.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concur.

* Phoenix City Code, Ch. 31, Art. I, § 31–13; City of Scottsdale Ord. 403, Art. 4, § 2.