591 P.2d 555

**VERN WALTON MOTORS, a corporation, Plaintiff-Appellant,**

v.

**Harold E. TAYLOR and Shirley E. Taylor, husband and wife, and Russell Taylor, Defendants-Appellees.**

**No. 2 CA–CIV 2936.**

Court of Appeals of Arizona, Division 2.

Dec. 21, 1978.

Rehearing Denied Jan. 31, 1979.

Review Denied Feb. 21, 1979.

Karman & Ishmael, P. C. by Howard H. Karman, Casa Grande, for plaintiff-appellant.

Stanfield, McCarville, Coxon, Cole & Fitzgibbons by A. Thomas Cole, Casa Grande, for defendants-appellees.

## OPINION

RICHMOND, Chief Judge.

This is an appeal from a summary judgment in favor of defendants on their counterclaim for violation of the Motor Vehicle Information and Cost Savings Act, 15 U.S. C.A. § 1901, et seq. The plaintiff, Vern Walton Motors (dealer), had commenced the underlying action against defendants (buy-

ers) for money owed for repairs made by the dealer after the sale of a vehicle. The dealer moved to dismiss the counterclaim and in the alternative for summary judgment. The buyers also moved for summary judgment, and the trial court entered judgment for them.

■ The principal issue is whether there was uncontroverted evidence establishing the intent to defraud which is a statutory requisite to civil liability under 15 U.S.C.A. § 1989. We hold there was not and the motion for summary judgment therefore was improperly granted.

■ In determining the propriety of granting summary judgment, we view the evidence and inferences in a light most favorable to the party opposing the motion. *Boyle v. City of Phoenix*, 115 Ariz. 106, 563 P.2d 905 (1977). On April 18, 1973, the dealer acquired a 1971 pickup truck from the previous owner. At that time the odometer read 12,799 miles. The odometer, however, was not in working order and was repaired. There is no claim that the odometer was ever tampered with, altered or reset. On April 18, 1975, the dealer sold the vehicle to the buyers. At the time of the sale an odometer certification delivered to the buyers stated that the odometer reading was 12,912 miles. Approximately one week later, the buyers returned to the dealer's place of business, complaining of a knock in the engine. The dealer agreed to do the repair work and to charge buyers a reduced rate in light of the short time since the sale. Accordingly, the buyers were billed $160. Although buyers delivered a check to the dealer for that amount, they stopped payment shortly thereafter. The dealer filed suit in justice court for the amount owed and buyers counterclaimed for statutory damages under 15 U.S.C.A. § 1989. Since the counterclaim involved more than $1,000, the case was transferred to superior court.

In material part, 15 U.S.C.A. § 1988 provides:

Disclosure requirements upon transfer of ownership of motor vehicle; . . .

(a) * * * [A]ny transferor [shall] . . . give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

(1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

This language imposes an affirmative statutory duty upon dealers. *Jones v. Fenton Ford, Inc.*, 427 F.Supp. 1328 (D.Conn. 1977). The dealer concedes that it could not verify the mileage reading because the odometer was broken at the time it acquired the pickup. Under the statute, it was required to disclose this fact in writing to the buyer. Its failure to do so was a clear violation of § 1988(a)(2).

Any liability to buyers under the act, however, depends on 15 U.S.C.A. § 1989(a), which provides:

Any person who, *with intent to defraud*, violates any requirement imposed under this subchapter shall be liable . . . . . (Emphasis supplied.)

Even if the dealer violated the disclosure provisions of § 1988, the buyers were not entitled to summary judgment unless the dealer's intent to defraud was first established.

■ The fact that a state of mind is involved does not make summary judgment inappropriate. *Clark v. Allstate Insurance Company*, 22 Ariz.App. 601, 529 P.2d 1195 (1975). If factual inferences must be drawn in order to render judgment, however, and reasonable minds could draw different inferences, summary judgment is not proper. *Lundy v. Prescott Valley, Inc.*, 110 Ariz. 362, 519 P.2d 61 (1974).

■ Although intent to defraud cannot be presumed, it may be inferred from the facts. *Pepp v. Superior Pontiac GMC, Inc.*, 412 F.Supp. 1053 (E.D. La. 1976). In *Jones v. Fenton Ford, Inc., supra,* the court discussed the "intent to defraud" requirement of the statute:

A widely accepted rule of fraudulent intent, applicable here, is that civil liability may be imposed where it is proved that a defendant's statements were made recklessly or carelessly, without knowledge of their truth or falsity, or without reasonable grounds for belief in their truth, . . .. 427 F.Supp. at 1334.

One of the buyers, in an affidavit filed with their motion, stated that he was "advised by the salesman who sold me the 1971 El Camino that I should not be concerned about the inaccuracy of the odometer reading because the vehicle had a complete rebuilt engine which, in effect, would be the same as setting the odometer at zero." The buyers urge that the necessary intent to defraud can be inferred from such assurance, which "recklessly overstated the facts as it [dealer] knew them." Their claim under the statute, however, is based on the dealer's failure to disclose in writing that the odometer reading was inaccurate. By conceding that the inaccuracy was disclosed, although not in writing, the buyers' own affidavit at least raises a question of fact as to the dealer's intent.

Reversed and remanded for further proceedings.

HOWARD and HATHAWAY, JJ., concur.