595 P.2d 203

Theresa ANDERSON,
Plaintiff/Appellant,

v.

MOBILE DISCOUNT CORPORATION,
Defendant/Appellee.

No. 2 CA–CIV 2999.

Court of Appeals of Arizona,
Division 2.

March 13, 1979.

Rehearing Denied April 25, 1979.

Review Denied May 22, 1979.

Sando & Hardy by David T. Hardy, Tuc-
son, for plaintiff/appellant.

**412**

Beaman, Knuck, Gallup & Wright by Theodore Knuck, Tucson, for defendant/appellee.

## OPINION

RICHMOND, Chief Judge.

This is an appeal from a summary judgment in favor of the appellee finance company in an action for wrongful repossession of appellant's mobile home.[1] The determinative question is whether a contract permitting repossession without notice to the buyer where the seller in good faith deems itself insecure violates the Uniform Commercial Code.

■ In reviewing a summary judgment, facts must be viewed in the light most favorable to the party opposing the motion. *Boyle v. City of Phoenix*, 115 Ariz. 106, 563 P.2d 905 (1977). The finance company is the assignee of a sales contract which it in turn assigned to First National Bank of Arizona. When the buyers were two months behind on their rent, the manager of the mobile home park where their mobile home was located contacted First National and reported that the mobile home had been abandoned and the landlord was asserting its rights as a lienholder pursuant to A.R.S. § 33–1478, which permits landlords to collect back rent from other lienholders once a mobile home has been abandoned. The bank sent one of its employees to inspect the premises and he too concluded that the mobile home had been abandoned. Although payments to the bank were current at that time, the bank deemed itself insecure and directed the finance company to pick up the mobile home. The finance company, on behalf of the bank, removed the mobile home from the park and paid and discharged the landlord's lien for back rent. The bank then sold the mobile home at public auction.

Buyers brought an action against both the bank and finance company for statutory damages under UCC, alleging wrongful repossession and sale of the mobile home. Both defendants counterclaimed, with the bank seeking a deficiency and the finance company asking for the costs incurred in repossession plus interest and attorney's fees. The defendants each moved for summary judgment on the complaint and the trial court granted both motions. Plaintiff prevailed on the counterclaims after a trial to the court. Both Anderson and the bank appealed but she has since settled with the bank, which has dismissed its cross-appeal. She now pursues her appeal from the summary judgment in favor of the finance company on the complaint.

The finance company successfully urged in the trial court that the repossession was proper either because (1) the buyers had defaulted on the sales contract by abandoning the mobile home and permitting their landlord to assert a lien against it in violation of a specific prohibition in the contract, or (2) the buyers' abandonment gave the bank reasonable grounds for insecurity, and once the bank deemed itself insecure it was permitted under the terms of the sales contract to repossess the mobile home or treat the failure to pay the accelerated amount as a default which provided an alternate ground for repossession.

Anderson seeks reversal on the grounds that (1) there is a question of fact as to abandonment, and (2) repossession without notice based on acceleration violated both the contract and the UCC. Once the bank in good faith had deemed itself insecure because of Anderson's apparent abandonment of the mobile home, however, it was permitted under the contract to repossess. Summary judgment therefore was properly granted and we do not reach Anderson's other contentions.

■ At the outset, we reject the finance company's argument that dismissal of Anderson's appeal from the judgment in favor of the bank operates to dismiss the action against the finance company because she did not specifically reserve the right to proceed against the latter. The release of one tortfeasor no longer constitutes a release of all tortfeasors, absent an agree-

---

1. Appellant's husband also was a plaintiff in the trial court but is not a party to the appeal.

ment that it shall do so. *Adams v. Dion,* 109 Ariz. 308, 509 P.2d 201 (1973). We also reject the argument that because the finance company was acting as the bank's agent, dismissal of the bank requires dismissal of the finance company. Liability of the agent is direct and not derivative.

The right to repossess turns on a portion of the contract which provides:

> If Purchaser defaults under this contract, or if Seller should deem itself or Mobile Home insecure, the unpaid portion of the Time Balance shall, without notice, at the option of Seller, become due forthwith. Purchaser agrees in any such case to pay said amount to Seller, upon demand, or, at the election of Seller, to deliver Mobile Home to Seller. Seller may, without notice or demand for performance or legal process, lawfully enter any premises where Mobile Home may be found, and take possession of it.

■ Anderson argues that even though the unpaid portion was to become due upon a default or if the seller deemed itself insecure, under the above provision the seller must elect between demanding payment and demanding delivery and only if the buyer fails to meet that demand does the seller have the right to enter the premises and repossess. She bases her argument on the distinction in the UCC between the right to accelerate on insecurity, A.R.S. § 44–2215, and the right to repossess after default, A.R.S. § 44–3149. Since there had been no election and no default, she argues that repossession violated both the contract and the UCC. We disagree. Although § 44–3149 provides for repossession only after default, it has no application where the parties have agreed otherwise.

■ It is clear that the seller's rights in the quoted paragraph are circumscribed by the situation in which either the buyer is in default or the seller deems itself insecure. In either case, the seller is free to choose any of the alternative remedies available to him. By providing that the seller may lawfully enter and take possession "without notice or demand for performance," the contract clearly authorizes seller to repos-

sess immediately upon a feeling of insecurity. We do not agree with Anderson that such an interpretation renders the preceding sentence in the paragraph meaningless; either of the other options is also available upon default or insecurity. Nor does this interpretation leave the purchaser at a continual risk of repossession, because the seller's right is always limited by the necessity of good faith in its belief that the prospect of payment or performance is impaired. A.R.S. § 44–2215.

■ There is no merit to Anderson's remaining contention that there are material fact issues precluding summary judgment. The statute affording an opportunity to present evidence on a claim that a contract or clause is unconscionable, § 44–2319(B), has no application to secured transactions. *See, e. g., In Re Advance Printing & Litho Company,* 277 F.Supp. 101 (W.D. Pa.1967), affirmed 387 F.2d 952 (3rd Cir. 1967); *Hernandez v. S. I. C. Finance Co.,* 79 N.M. 673, 448 P.2d 474 (1968). Whether an acceleration was declared is immaterial where the parties have agreed to acceleration without notice. *Fulton National Bank v. Horn,* 239 Ga. 648, 238 S.E.2d 358 (1977). The issue of abandonment was not material, so long as the bank in good faith believed that the mobile home had been abandoned, thus impairing the prospect of payment or performance. The burden was on Anderson to establish lack of good faith, § 44–2215, and all of the evidence was to the contrary.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.