633 P.2d 439

**Soleng TOM and Mae Tom, husband and wife, Plaintiffs/Appellants,**

**v.**

**S. S. KRESGE COMPANY, INC., a Michigan Corporation, Defendant/Appellee.**

**No. 2 CA–CIV 3910.**

Court of Appeals of Arizona, Division 2.

June 16, 1981.

Rehearing Denied July 15, 1981.

Review Denied Sept. 10, 1981.

Healy & Beal, P. C. by James H. Dyer, Tucson, for plaintiffs/appellants.

Everett, Bury & Moeller, P. C. by David C. Bury and Leonard Everett, Tucson, for defendant/appellee.

## OPINION

HATHAWAY, Chief Judge.

This is an appeal from a summary judgment in appellee Kresge's favor in a slip and fall case. On November 15, 1977, appellant Mae Tom entered appellee's department store to buy some wrapping paper. While walking down an aisle in the store, she slipped and fell on a clear liquid substance, suffering injuries for which she brought this action. The record reveals that appellee's store was a self-service establishment at which a great variety of goods was available. The majority of goods sold were dry goods, but it is uncontradicted that the store had two counters from which soft drinks were available. These drinks could be carried around the store while the patrons were shopping. It appears that appellant fell in an aisle containing only dry goods. Neither the appellant nor any of the appellee's employees noticed any liquid on the floor prior to appellant's fall. The manager, assistant manager and a sales clerk who were in the store on the day of the accident stated that they had no idea how the liquid substance reached the floor.

Appellant contends that summary judgment was improperly granted for a number of reasons. She argues that appellee is liable for her injury because it occurred as a result of a condition created by appellee's "mode of operation." She also contends that appellee should be held liable because the accident-causing condition had existed for such a length of time that in the exercise of ordinary care, appellee should have known of the condition and taken action to remedy it. Finally, she argues that there is enough evidence of careless general practices from which the jury could infer that appellee was negligent despite having no notice of the particular condition that caused her injury.

In reviewing a trial court's order granting a defendant's motion for summary judgment, we must construe the record in a light most favorable to the plaintiff, the party opposing the motion. *Boyle v. City of Phoenix*, 115 Ariz. 106, 563 P.2d 905 (1977); *Kiser v. A. J. Bayless Markets, Inc.*, 9 Ariz. App. 103, 449 P.2d 637 (1969). If factual inferences must be drawn in order to render judgment, and if reasonable minds could draw different inferences, then summary judgment is not proper. *Vern Walton Motors v. Taylor*, 121 Ariz. 463, 591 P.2d 555 (1978).

A general rule is that the owner of a business is not an insurer of the safety of a business invitee, but only owes a duty to exercise reasonable care to his invitees. *Moore v. Southwestern Sash & Door Co.*, 71 Ariz. 418, 228 P.2d 993 (1951). Whether the owner has exercised proper care is generally a question of fact for the jury; however, to impose liability on the proprietor for injuries sustained by an invitee, the invitee must prove either (1) that the foreign substance or dangerous condition is the result of defendant's acts or the acts of his servants, (2) that the defendant had actual knowledge of the condition, or (3) that the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and taken action to remedy it. *Walker v. Montgomery Ward & Co.*, 20 Ariz.App. 255, 511 P.2d 699 (1973); *Berne v. Greyhound Parks of Arizona, Inc.*, 104 Ariz. 38, 448 P.2d 388 (1968).

Appellant argues that appellee is liable under the first theory not because its employees directly caused the condition that resulted in her injury, but because she was injured as a result of a condition created by appellee's "mode of operation." We note that although there is no direct evidence as to how or by whom the condition herein was created, such as an employee or customer spilling a liquid on the floor, we agree with appellant that the "mode of operation" rule may apply and precludes summary judgment in appellee's favor under the first theory outlined above.

The "mode of operation" rule was first applied by this court in *Rhodes v. El Rancho Markets*, 4 Ariz.App. 183, 418 P.2d 613 (1966). In that case, the plaintiff had been injured when she slipped on a piece of lettuce in El Rancho's produce department. In reversing a directed verdict in favor of the market, we relied upon the analysis of the Supreme Court of New Jersey in *Wollerman v. Grand Union Stores, Inc.*, 47 N.J. 426, 221 A.2d 513 (1966). The *Wollerman* court recognized the traditional application of the first theory of liability outlined above: That if the condition was created by the carelessness of an employee in displaying or handling merchandise, the proprietor is liable whether or not it was aware of its employee's neglect. Where the condition was created by the carelessness of a patron, however, the traditional approach employed in *Walker v. Montgomery Ward & Co.*, supra, has been to analyze liability on an actual or constructive notice theory, with the proprietor liable only on proof of notice to him. However, as *Wollerman* announced, liability can be based on the proprietor's mode of operation even where he has no notice of the condition that may have been caused by a patron, "since the patron's carelessness is to be anticipated in this self-service operation, . . ." 221 A.2d at 514. In such an instance, the proprietor is liable even without notice of the particular condition if he "failed to use reasonable measures commensurate with the risk involved to discover the debris a customer might leave and to remove it before it injures another patron." Id.

■ This theory was the basis upon which we ruled in *Rhodes v. El Rancho Markets*, supra, that a jury could infer the proprietor's negligence. There, we recognized that in a self-service market, the customer is expected to handle and examine produce displayed in open bins. We held that when produce is displayed in such a fashion, the proprietor must take reasonable measures to protect patrons who might slip and fall on matter left on the floor by the proprietor's employees or other patrons. We now hold that the "mode of operation" rule provides a basis upon which a jury could infer negligence on the part of a proprietor, such as appellee, who sells soft drinks that patrons may carry around the premises while shopping.

We concur with the reasoning of the Court of Appeals of Washington in applying this rule in *Ciminski v. Finn Corp.*, 13 Wash.App. 815, 537 P.2d 850 (1975):

"As the above discussion shows, an owner of a self-service establishment has actual notice that his mode of operation creates certain risks of harm to his customers. Since a self-service operation involves the reasonable probability that these risks will occur, these risks are foreseeable. Thus, it is not necessary to show actual or constructive notice of the specific hazard causing injury, and it becomes the task of the jury to determine whether the proprietor has taken all reasonable precautions necessary to protect his invitees from these foreseeable risks." 537 P.2d at 854.

■ The key to the application of the "mode of operation" rule is the reasonable anticipation of patrons' carelessness under the circumstances. For this reason, we did not apply the rule in *Vreeland v. State Board of Regents*, 9 Ariz.App. 61, 449 P.2d 78 (1969). There, we applied the traditional rule that in order to avoid the burden of showing notice to the defendant, there must be some evidence that defendant's employees, rather than a third person, created the condition. In *Vreeland*, the plaintiff was injured when she slipped on a thumbtack that had fallen from a bulletin board in a

University of Arizona building. Even though there was evidence the bulletin board and the thumbtacks were related to the operations of the university, we held that the mere showing of the presence of thumbtacks at the scene of the accident and the occurrence of injury was not sufficient to overcome a directed verdict for the defendants.

Here, on the other hand, the showing that appellee provided soft drinks for its patrons in a self-service store provides the requisite level of anticipation of patrons' carelessness for the application of the "mode of operation" rule. It is easily foreseeable that appellee's patrons could spill soft drinks while carrying them through the store. It does not appear that appellee restricted the consumption of soft drinks to certain areas in the store, and apparently sold the drinks so its patrons could enjoy them while shopping. Among the established facts is a statement by the store manager in his written report of the accident that the "floor was wet from a spill . . . soft drink probably." In *Berne v. Greyhound Parks of Arizona, Inc.,* supra, the plaintiff slipped and fell because of a small puddle of liquid on the floor of the mezzanine which had dripped from cracks in the grandstand floor above. The evidence showed that only a few times before had any employee of the defendant seen any puddles and they were very small in size. The supreme court upheld a directed verdict for the defendant finding that the conditions producing the occasional puddles did not create an unreasonable risk of harm. Although in *Berne,* as in the instant case, a spilled liquid was involved, the condition was not caused by the defendant's mode of operation but by dripping through the grandstand floor.

We also feel that summary judgment was improperly entered on the theory of constructive notice. The condition that caused appellant's fall was described as "a dampened area; damp, it was not runny" by an employee of appellee. We agree with appellant that a reasonable inference from this statement is that a spill had remained on appellee's floor for a sufficient period of time to either partially evaporate or be absorbed. This inference could establish the length of time the dangerous condition had been present on the floor, an important element in proving that appellee, in the exercise of ordinary care, should have known of the condition (i. e., constructive notice). *Walker v. Montgomery Ward & Co.,* supra. In a case like this, where the facts of what caused the condition are difficult to ascertain, issues of negligence are not ordinarily proper subjects for summary adjudication and inferences like the one above will defeat summary judgment. *Boozer v. Arizona Country Club,* 102 Ariz. 544, 434 P.2d 630 (1967).

Our disposition of the mode of operation and constructive notice theories makes it unnecessary for us to address appellant's third theory of liability. Summary judgment was improperly granted and the cause is remanded for a trial in accordance with the views expressed herein.

Reversed and remanded.

HOWARD and BIRDSALL, JJ., concur.