[No. 8829-4-III. Division Three. November 1, 1988.]

STEVEN R. WILTSE, ET AL, *Appellants,* v. ALBERTSON'S INCORPORATED, *Respondent.*

*Thomas Roberts* and *Henderson & Nichols, P.S.,* for appellants.

*Stephen Haskell* and *MacGillivray & Jones,* for respondent.

McINTURFF, J.*—Steven Wiltse brought this action against Albertson's, Inc., for personal injuries received in a fall. The jury's verdict favored Albertson's. We reverse for instructional error.

Mr. Wiltse slipped, fell on the floor and injured his back while shopping in an Albertson's grocery store in Spokane, Washington. He was pushing a shopping cart around an aisle at the back of the store when he slipped in a puddle of water. He fell to the floor, landing on his back and hitting his head. The puddle of water had formed from drops of water coming from a grate in the ceiling.

Albertson's is a self–service grocery store; its customers serve themselves and depart through check stands. Water and other materials are occasionally present on Albertson's floor due to the nature of its business. However, prior to Mr. Wiltse's accident, no employee at the Albertson's store was aware of the leak in the store's roof.

The single issue is whether the court erred in instructing the jury that the plaintiff had the burden of proving actual or constructive notice of the water hazard existing at the Albertson's self–service grocery store.

The court gave jury instruction 13:

> In order to support a finding of negligence, a temporary unsafe condition of the premises which was not created by defendant or defendant's employees, and which was not caused by negligence on defendant's part, must either have been brought to the actual attention of

---

*Judge James Ben McInturff is serving as a Judge Pro Tempore of the Court of Appeals pursuant to RCW 2.06.150.

defendant or defendant's employees or it must have existed for a sufficient length of time and under such circumstances that defendant or defendant's employees should have discovered it in the exercise of ordinary care.

Mr. Wiltse argues this instruction was erroneous because it did not inform the jury of the applicable law as set out in *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 666 P.2d 888 (1983).

Mr. Wiltse proposed two alternative instructions based on *Pimentel.*[1] *Pimentel,* at 50, held that in order to recover, a plaintiff need not prove actual or constructive

---

[1]Mr. Wiltse's proposed instruction P–16 states:

"Steven Wiltse was on the premises of the Albertson's store as a business invitee. Albertson's is a self–service establishment and must exercise reasonable care in protecting its business invitees against foreseeable risks. Such a self–service establishment has ac[tu]al notice that its self–service mode of operation creates certain risks of harm to its customers. Since a self–service operation involves the reasonable probability that these risks will occur, these risks are foreseeable. Thus, it is not necessary to show actual or constructive notice of the specific hazard causing injury. It is therefore your task to determine whether Albertson's has taken all reasonable precautions necessary to protect its invitees from these foreseeable risks, and in making this determination, you may consider the following factors:

"a. The nature of the business;

"b. The nature of its customers;

"c. The standards adopted to display its products;

"d. The housekeeping and maintenance procedures which it has instituted to discover and remove conditions which may cause injuries;

"e. Such other facts and circumstances revealed by the evidence having a bearing on the question of reasonable protections."

And, his proposed instruction P–24 states:

"Albertson's is a self–service operation. If you find that the self–service operation of Albertson's is such that the existence of unsafe conditions is reasonably foreseeable, then it is not necessary for the plaintiff to show actual or constructive notice of the specific hazard causing injury. It therefore is your task to determine whether Albertson's has taken all reasonable precautions necessary to protect its customers from these foreseeable risks, and in making this determination, you may consider the following factors:

"a. The nature of its business;

"b. The nature of its customers;

"c. The standards adopted to display its merchandise;

"d. The housekeeping procedures which it had instituted to discover and remove conditions which may cause injuries;

"e. Such other facts and circumstances revealed by the evidence having a bearing on the question of reasonable protection.

notice of the specific unsafe condition in the store if the condition which caused the plaintiff's injury was reasonably foreseeable.

Albertson's argues *Pimentel* is not applicable because the cause of Mr. Wiltse's injury, water collecting from a leaky roof, is not a normal hazard of a self–service grocery business and is not peculiar to a self–service business. Albertson's argues the hazard must arise from the store's "mode of operation" and not be an "isolated incident", citing *Chiara v. Fry's Food Stores of Ariz., Inc.*, 152 Ariz. 398, 733 P.2d 283, 285 (1987); *Berne v. Greyhound Parks of Ariz., Inc.*, 104 Ariz. 38, 448 P.2d 388, 389 (1968) (dripping liquid through grandstand floor at dog racing track was not caused by the defendant's mode of operation); *Tommerup v. Albertson's, Inc.*, 101 Idaho 1, 607 P.2d 1055, 1058 (1980) (slip and fall on a cupcake wrapper in Albertson's parking lot was an isolated incident; knowledge of the hazard by defendant must be shown to recover). Mr. Wiltse responds that water on the floor is foreseeable; further, Albertson's merchandising approach involved distracting displays, making it unlikely a customer would be alert to a water hazard on the floor.

*Pimentel* is a departure from the traditional rule which held a possessor of land liable to invitees for an unsafe condition on land, only if the possessor had actual or constructive notice of the unsafe condition. *Pimentel*, at 44. *Pimentel*, at 46, noted three approaches taken by jurisdictions which have departed from the traditional rule. Those

---

"If however, you find that the existence of unsafe conditions was not reasonably foreseeable, then you are instructed that a grocery store, such as Albertson's, owes to a person who has an express or implied invitation to come upon the premises in connection with the business, the duty to exercise reasonable care for that person's safety, and;

"In order to support a finding of negligence, a temporary unsafe condition on the premises must either have been brought to the actual attention of the defendant or its employees, or it must have existed for a sufficient length of time under such circumstances that the defendant or its employees should have discovered it in the exercise of ordinary care."

ideas were based on the fact modern merchandising techniques necessitated some modification of the traditional rules of liability. *Pimentel* adopted the rationale the plaintiff need not show actual or constructive notice of a specific unsafe condition if dangerous conditions are continuous or easily foreseeable.

> The basic notice requirement springs from the thought that a dangerous condition, when it occurs, is somewhat out of the ordinary. . . . In such a situation the storekeeper is allowed a reasonable time, under the circumstances, to discover and correct the condition, unless it is the direct result of his (or his employees') acts. However, when the operating methods of a proprietor are such that dangerous conditions are continuous or easily foreseeable, the logical basis for the notice requirement dissolves. Then, actual or constructive notice of the specific condition need not be proved.

*Pimentel,* at 47–48 (quoting *Jasko v. F.W. Woolworth Co.,* 177 Colo. 418, 420–21, 494 P.2d 839, 840 (1972)).

*Ciminski v. Finn Corp.,* 13 Wn. App. 815, 819, 537 P.2d 850, 85 A.L.R.3d 991, *review denied,* 86 Wn.2d 1002 (1975) notes this rule does not create a higher standard of care for self–service operations. The storekeeper is still required to use reasonable care toward his customers. What is reasonable depends on the nature and circumstances surrounding the business conducted, one of which is the method of operation.

Should the elimination of the notice requirement be further limited to situations where the specific cause of the hazard is foreseeable? Here, it was foreseeable slippery substances, such as water, would be on the Albertson's floor. There is nothing in the record to indicate water had previously collected in the particular spot on the floor where Mr. Wiltse fell. However, the record reveals water and other hazardous materials were occasionally present on the floor due to the nature of Albertson's grocery business. Further, the typical factual situations where modification of the notice rule arises involve slippery substances on self–service floors. *Chiara v. Fry's Food Stores of Ariz., Inc.,*

*supra* (plaintiff slipped on creme rinse); *Tom v. S.S. Kresge Co.,* 130 Ariz. 30, 633 P.2d 439, 440, 26 A.L.R.4th 475 (Ct. App. 1981) (plaintiff slipped on clear liquid which appeared to be a soft drink); *McDonald v. Safeway Stores, Inc.,* 109 Idaho 305, 707 P.2d 416, 417 (1985) (plaintiff slipped on melted ice cream).

 *Pimentel* does not indicate whether elimination of the notice requirement should be limited to hazards inherent in the store's mode of operation. However, the language of the decision explicitly supports Mr. Wiltse's interpretation. Where the operations of a store are such that unreasonably dangerous conditions are continuous or reasonably foreseeable, the customer need not show the storekeeper had actual or constructive notice of the "specific" unsafe condition. *Pimentel,* at 47; *Jasko,* 494 P.2d at 840. Unlike *Tommerup,* this hazard occurred in a store aisle where it is reasonable to expect the store to locate and remove hazards such as water.

We do not find persuasive the cases cited by Albertson's. *Berne v. Greyhound Parks of Ariz., Inc., supra,* required notice of the condition before liability would attach and further, even if there had been notice, the park operator was not an insurer of the safety of its patrons. *Berne,* 448 P.2d at 389, 391. The same notice requirement and guaranty rationale was dispositive in *Tommerup.* The *Chiara* rule is similar to that announced in *Pimentel,* but it also does not address whether the cause, as opposed to the result of the hazard, must be foreseeable.

We hold the *Pimentel* rule should be applied to a self–service operation where hazards on the floor are foreseeable despite the fact the particular cause may not be foreseeable. We conclude there should be no change of the burden of proof where the hazard comes directly from the storekeeper's shelf as opposed to some other source, *i.e.,* water on the floor caused by inclement weather, a spilled baby's bottle, a leaky refrigeration system, or leaky roof. Under Albertson's theory, the storekeeper would be responsible only for cleaning spilled merchandise, while

ignoring other foreign matter until given notice of the condition. The result is the same: a water hazard on the floor which the customer is not likely to notice. Thus, the hazard is within the "zone of risk" which the *Pimentel* rule was intended to cover. *Safeway Stores, Inc. v. Smith,* 658 P.2d 255, 258 (Colo. 1983). Given this burden, the customer has made only a prima facie case of negligence; it is for the jury to determine whether Albertson's exercised reasonable care in maintaining the floors. *Safeway Stores, Inc. v. Smith, supra.* An appropriate jury instruction based on the *Pimentel* rule should have been given.

The judgment of the Superior Court is reversed; this case is remanded for trial with appropriate jury instructions.

THOMPSON, C.J., and GREEN, J., concur.

Review granted by Supreme Court February 28, 1989.