JAN HUNT, Special Adm'r, *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. DHAN K. CHETTRI, Defendant-Appellee and Cross-Appellant.— JAN HUNT, Special Adm'r, *et al.*, Plaintiffs-Appellees, v. DHAN K. CHETTRI, Defendant-Appellant.

Fifth District    Nos. 5—86—0417, 5—86—0814 cons.

Opinion filed July 21, 1987.

John L. McMullin and Richard J. Zalasky, both of Brown, James & Rabbitt, P.C., of St. Louis, Missouri, for Jan Hunt and Robert Hunt.

Freeark, Harvey, Mendillo & Dennis, of Belleville (Ray Freeark, Jr., and Ransom P. Wuller, of counsel), for Dhan K. Chettri.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

This consolidated appeal involves plaintiffs' allegations of negligence against defendant, Dr. Dhan K. Chettri, stemming from the delivery of a stillborn infant. Plaintiffs are Jan and Robert Hunt, individually, and Jan Hunt as special administrator of the estate of Baby Hunt. Although plaintiffs' third amended complaint contains three counts, on appeal we are concerned only with the trial court's dismissal of that portion of count I seeking recovery for the loss of society of Baby Hunt pursuant to the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, par. 1 *et seq.*) and with the court's denial of defendant's motion to dismiss count II of plaintiffs' complaint seeking recovery for Jan Hunt based upon negligent infliction of emotional distress resulting from the loss of Baby Hunt. The only facts which are pertinent to this appeal are that defendant was Jan's obstetrician during her pregnancy and that Baby Hunt was delivered stillborn.

The first issue is whether the trial court erred in striking plaintiffs' claim for the loss of society of Baby Hunt, a stillborn fetus. Plaintiffs maintain that the loss of society of a stillborn fetus is an element of pecuniary loss in a wrongful death action. Section 2 of the Wrongful Death Act provides that "the jury may give such damages as they shall deem a fair and just compensation with reference to the

pecuniary injuries resulting from *** death." (Ill. Rev. Stat. 1985, ch. 70, par. 2.) In *Bullard v. Barnes* (1984), 102 Ill. 2d 505, 515, 468 N.E.2d 1228, 1233, the supreme court held that parents may recover damages under the Wrongful Death Act for the loss of a minor child's society. The court further held that parents are entitled to a presumption of pecuniary injury in the loss of a minor child's society. (102 Ill. 2d 505, 517, 468 N.E.2d 1228, 1234.) Recently, the supreme court has extended its holding in *Bullard* by holding that the loss-of-society presumption applies to children who have attained majority. (*Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 120, 499 N.E.2d 1373, 1379.) Plaintiffs argue that the holding in *Bullard* should be extended to the wrongful death of a stillborn fetus. Plaintiffs contend that such an extension is logical in light of the court's holding that an action can be maintained under the Wrongful Death Act for the death of a viable fetus born dead as a result of prenatal injuries. (*Chrisafogeorgis v. Brandenberg* (1973), 55 Ill. 2d 368, 304 N.E.2d 88; see also Ill. Rev. Stat. 1985, ch. 70, par. 2.2.) Although the supreme court has recognized that such a cause of action exists and that difficulties in determining damages should not bar the right of action, the court did not delineate the bases for awarding damages for the wrongful death of a viable fetus. *Chrisafogeorgis v. Brandenberg* (1973), 55 Ill. 2d 368, 372, 304 N.E.2d 88, 90-91; but *cf. Jones v. Karraker* (1983), 98 Ill. 2d 487, 495-502, 457 N.E.2d 23, 27-30 (Simon, J., dissenting).

"The term 'society' embraces a broad range of mutual benefits each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, and protection." (*Sea-Land Services, Inc. v. Gaudet* (1974), 414 U.S. 573, 585, 39 L. Ed. 2d 9, 21-22, 94 S. Ct. 806, 815.) In concluding that parents are entitled to a presumption of pecuniary injury in the loss of a minor child's society, the court in *Bullard* also noted that this presumption may be rebutted by presenting evidence that a parent and child were estranged. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 517, 468 N.E.2d 1228, 1234.) The court's statement presumes the existence of a tangible relationship. We fail to see how a defendant could produce evidence establishing that a parent and an unborn child were estranged. In his special concurrence in *Bullard*, Justice Clark stated his belief that the logic embodied in the majority opinion would dictate a similar result if the cause had involved a child who had reached the age of majority rather than a 17-year-old. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 521, 468 N.E.2d 1228, 1236 (Clark, J., specially concurring).) According to Justice Clark, in either circumstance, plaintiff's decedent was at a point in his life where his parents could rea-

sonably anticipate receiving advice, companionship and assistance. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 521, 468 N.E.2d 1228, 1236 (Clark, J., specially concurring).) The same cannot be said of plaintiffs' decedent in the instant cause. Similarly, in *Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 120, 499 N.E.2d 1373, 1379, the court stated that "[w]hen children are wrongfully killed, the parents' investment *** in affection, guidance, security and love is destroyed. Society recognizes the destruction of that value whether a child is a minor or an adult."

The court's rationale for recognizing loss-of-society damages in the above cases is dependent upon the relationship of parent and child. In the death of an unborn fetus, no guidance, love, affection or security has been exchanged. While parents may love and have affection for an unborn child, the child cannot be said to have returned such affection. To allow damages for the loss of society of a stillborn fetus confuses loss of society with recovery for the parents' grief over their unborn child's death. The supreme court has rejected recovery for mental anguish or bereavement as an element of loss of society. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 514-15, 468 N.E.2d 1228, 1233; *Elliott v. Willis* (1982), 92 Ill. 2d 530, 539, 442 N.E.2d 163, 167.) Undoubtedly, it could be claimed that there is virtually no difference between the loss suffered by a parent where a child is born but remains alive only momentarily and where the child is stillborn. However, the initial bonding which takes place at birth cannot be dismissed so easily. The length, intensity and quality of the parent-child relationship are determinative of the loss experienced by the parent. Certainly, birth is a proper point at which to begin to measure the loss of a child's society. We conclude that the trial court did not err in dismissing that portion of count I of plaintiffs' complaint seeking damages for the loss of society of Baby Hunt.

■ The second issue is whether the trial court erred in denying defendant's motion to dismiss count II seeking recovery by Jan for emotional distress resulting from the loss of her child. In *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 555, 457 N.E.2d 1, 5, the supreme court adopted the zone-of-physical-danger rule as governing recovery by a bystander for emotional distress. Under this rule, "a bystander who is in a zone of physical danger and, who, because of the defendant's negligence, has reasonable fear for [her] own safety is given a right of action for physical injury or illness resulting from emotional distress." (*Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 555, 457 N.E.2d 1, 5.) Defendant maintains that Jan's testimony, given in her discovery deposition, establishes that she

was not in fear for her own safety and that, therefore, she cannot sustain a cause of action for negligent infliction of emotional distress. Plaintiff construes defendant's motion to dismiss as based upon section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)) and argues that testimony taken during a discovery deposition cannot be used in determining the sufficiency of the complaint (*Hayne v. Arby's Inc.* (1981), 99 Ill. App. 3d 700, 710, 425 N.E.2d 1174, 1182). Defendant's motion to dismiss count II of plaintiffs' third amended complaint is based upon the failure to state a cause of action for emotional distress (see Ill. Rev. Stat. 1985, ch. 110, par. 2—615) and we believe that this cause can be decided on that basis.

In adopting the zone-of-physical-danger rule, the supreme court did not depart from its long-standing position that recovery will not be allowed for emotional disturbance or distress alone. (*Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 554, 457 N.E.2d 1, 4; see also Note, *Rickey v. Chicago Transit Authority: Consistent Limitation on Recovery for Negligent Infliction of Emotional Distress in Illinois,*" 17 J. Marshall L. Rev. 563, 579 (Spring 1984).) A plaintiff seeking damages for negligent infliction of emotional distress must allege not only that she was in a zone of physical danger and reasonably feared for her safety but also that she suffered physical injury or illness as a result of her emotional distress. (*Courtney v. St. Joseph Hospital* (1986), 149 Ill. App. 3d 397, 403, 500 N.E.2d 703, 707; see also *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 555, 457 N.E.2d 1, 5.) Plaintiff has alleged only that she has suffered mental distress over the loss of Baby Hunt. Therefore, she has failed to state a cause of action for negligent infliction of emotional distress. Moreover, we do not believe that the unusual facts presented by this cause fall into the zone-of-physical-danger rule as contemplated by the court in *Rickey.*

For the reasons given, the judgment of the circuit court of St. Clair County dismissing that portion of count I of plaintiffs' action seeking recovery for the loss of society of Baby Hunt is affirmed and the court's denial of defendant's motion to dismiss count II seeking recovery for negligent infliction of emotional distress is reversed.

Affirmed in part and reversed in part.

HARRISON and WELCH, JJ., concur.