**Frances A. DENHAM and Jeffrey Hughes, Plaintiffs,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, Defendant.**

Nos. 87 C 8176, 87 C 8177.

United States District Court, N.D. Illinois, E.D.

Aug. 30, 1988.

---

Louis E. Jungbauer, Minneapolis, Minn., Patrick A. Salvi, Waukegan, Ill., for plaintiffs.

Kenneth J. Wysoglad, Kenneth J. Wysoglad & Associates, Burlington Northern R. Co., Chicago, Ill, for defendant.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

## I. INTRODUCTION

On June 14, 1987 an engine operated by the defendant railroad collided with an automobile driven by Jacqueline Hughes. The plaintiffs contend that at the time of the accident Jacqueline Hughes was seven months pregnant with Unborn Baby Hughes. Both Jacqueline and Unborn Baby Hughes allegedly died as a result of injuries sustained in that accident.

Defendant has moved for partial summary judgment pursuant to Fed.R.Civ.P. 56.[1] All of the parties agree that the following material facts are not in dispute:

1. The following individuals claim a pecuniary loss as a result of the death of Jacqueline Hughes: Frances A. Denham (mother), Larry Gene Duvall (father), Michelle Renee Duvall (sister), Laura Jean Duvall (sister), and Davie Garnet Hughes (son).

2. Jacqueline Hughes was not married at the time of her death on June 14, 1987.

3. The following individuals claim a pecuniary loss as a result of the death of Unborn Baby Hughes: Jeffrey Hughes (father), Davie Garnet Hughes (brother), Frances A. Denham (grandmother), Larry Gene Duvall (grandfather), Michelle Renee Duvall (aunt), Laura Jean Duvall (aunt), and Serena Alise Jones (cousin).

4. In his amended complaint, Jeffrey Hughes alleges that, *inter alia,* he and his son Davie Garnet Hughes have been deprived of Unborn Baby Hughes' counsel, aid, comfort, society, care, instruction, and moral, physical and intellectual training.

The defendant seeks an order precluding Jacqueline Hughes' parents and siblings and certain relatives of Unborn Baby Hughes from recovering damages. The defendant also seeks to preclude Unborn Baby Hughes' beneficiaries from collecting any damages for "loss of society." For the reasons set forth below, these motions are granted.

---

1. Initially two separate cases were filed against defendant Burlington Northern Railroad Company. The first action, 87 C 8176, was filed by Frances A. Denham, individually and as special administrator of the estate of Jacqueline Hughes. The second action, 87 C 8177, was filed by Jeffrey Hughes, individually and as special administrator of the estate of Unborn Baby Hughes. On December 18, 1987, these cases were found related in accordance with Local General Rule 2.31. These cases were also consolidated on that date. However, the defendant filed two separate motions for partial summary judgment. Both of these motions are addressed in this opinion.

## II. DAMAGES RECOVERABLE BY PARENTS AND SIBLINGS OF JACQUELINE HUGHES

The defendant contends that under the Illinois Wrongful Death Act the following claimed beneficiaries of Jacqueline Hughes cannot recover damages: Frances A. Denham (mother), Larry Gene Duvall (father), Michelle Renee Duvall (sister), and Laura Jean Duvall (sister). Paragraph Two of that Act provides in part:

> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the *surviving spouse and next of kin* of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the *surviving spouse and next of kin* of such deceased person.

Ill.Rev.Stat. ch. 70, ¶ 2 (Supp.1985) (emphasis added).

■ At the time of Jacqueline Hughes' death she was not married so there is no surviving spouse. Therefore, under the Wrongful Death Act only her "next of kin" can recover damages. Illinois courts have defined "next of kin" as "blood relatives in existence at the time of decedent's death who would take his or her personal property in the event decedent died intestate." *Maga v. Motorola, Inc.*, 163 Ill.App.3d 524, 114 Ill.Dec. 619, 620, 516 N.E.2d 774, 775 (1st Dist.1987) (citations omitted). *See also Wilcox v. Bierd*, 330 Ill. 571, 162 N.E. 170, 175 (1928), *overruled on other grounds*, *McDaniel v. Bullard*, 34 Ill.2d 487, 216 N.E.2d 140 (1966). Thus, to determine who can recover under the Wrongful Death Act, the Court must refer to the Illinois Probate Act. *Maga*, 114 Ill.Dec. at 620, 516 N.E.2d at 775. *See also, Estate of Davis v. Johnson*, 745 F.2d 1066, 1073 (7th Cir.1984).

The rules of descent and distribution of the Illinois Probate Act provide that if there is no surviving spouse but the decedent leaves a descendant then the decedent's entire estate is passed to her descendant. Ill.Rev.Stat. ch. 110½ ¶ 2–1(b) (Supp. 1988). In the present case, Jacqueline Hughes left no surviving spouse, but did leave one descendant, her son Davie Garnet Hughes. Therefore, under the Wrongful Death Act only that son may recover. Neither her parents nor her sisters are entitled to recover under that act. *See Maga*, 114 Ill.Dec. at 621, 516 N.E.2d at 777 ("Under the Probate Act, parents and siblings take only if the decedent leaves neither a surviving spouse nor descendants...."). Accordingly, defendant's motion to preclude Jacqueline Hughes' siblings and parents from recovery is granted.

## III. DAMAGES RECOVERABLE BY RELATIVES OF UNBORN BABY HUGHES

■ In his response to defendant's motion for partial summary judgment, plaintiff Jeffrey Hughes concedes that under the rules of descent and distribution of the Illinois Probate Act, if a decedent has no surviving spouse then his estate is distributed to his parents and siblings. *See* Ill. Rev.Stat. ch. 110½, ¶ 2–1(d) (Supp.1988). In the present case Unborn Baby Hughes was survived by his father, Jeffrey Hughes, and his brother, Davie Garnet Hughes. They are the only two individuals who can recover damages under the Wrongful Death Act. Therefore, the following relatives of Unborn Baby Hughes are not entitled to recover damages under that act: Frances A. Denham (grandmother), Larry Gene Duvall (grandfather), Michelle Renee Duvall (aunt), Laura Jean Duvall (aunt), and Serena Alise Jones (cousin).

## IV. DAMAGES FOR "LOSS OF SOCIETY"

■ Plaintiff Jeffrey Hughes claims that damages should be awarded for "loss of society" of Unborn Baby Hughes, including alleged deprivation of Unborn Baby Hughes' counsel, aid, comfort, care, instruction, and moral, physical and intellectual training. Defendant contends that under Illinois law, because Unborn Baby Hughes was not born at the time of the

**1256**

accident, his father and brother cannot collect damages for "loss of society." The term "society" includes "a broad range of mutual benefits each family member receives from the others' continued existence, including love, affection, care, attention, companionship, comfort, and protection." *Sea–Land Services, Inc. v. Gaudet,* 414 U.S. 573, 585, 94 S.Ct. 806, 815, 39 L.Ed.2d 9 (1974). *See also Gabriel v. Illinois Farmers Ins. Co.,* 171 Ill.App.3d 663, 121 Ill.Dec. 557, 559, 525 N.E.2d 864, 867 (1st Dist.1988); *Hunt v. Chettri,* 158 Ill.App.3d 76, 110 Ill.Dec. 293, 510 N.E.2d 1324 (5th Dist.1987).

In *Hunt v. Chettri,* the court recently determined that the parents of an unborn fetus could not recover damages for loss of society under the Illinois Wrongful Death Act. After carefully reviewing the Illinois decisions on this issue the court stated:

The court's rationale for recognizing loss-of-society damages in the above cases is dependent upon the relationship of parent and child. In the death of an unborn fetus, no guidance, love, affection or security have been exchanged. While parents may love and have affection for an unborn child, the child cannot be said to have returned such affection. To allow damages for the loss of society of a stillborn fetus confuses loss of society with recovery for the parents' grief over their unborn child's death. The [Illinois] supreme court has rejected recovery for mental anguish or bereavement as an element of loss of society. Undoubtedly, it could be claimed that there is virtually no difference between the loss suffered by a parent where a child is born but remains alive only momentarily and where the child is stillborn. However, the initial bonding which takes place cannot be dismissed so easily. The length, intensity and quality of the parent-child relationship are determinitive of the loss experienced by the parent. Certainly, birth is a proper point at which to begin to measure the loss of a child's society.

*Hunt,* 110 Ill.Dec. at 295, 510 N.E.2d at 1326.

Plaintiff predictably does not agree with the court's decision in *Hunt.* However, he fails to distinguish that case or provide any contrary authority. Therefore, this Court is compelled to apply the holding of *Hunt* to the present case. Unborn Baby Hughes had not been born at the time of his death. Therefore, his father and brother cannot recover for the "loss of society" of Unborn Baby Hughes.

## V. CONCLUSION

For the reasons discussed above, defendant Burlington Northern Railroad Company's motions for partial summary judgment are granted.