JOSEPH SARGIA, ADMINISTRATOR v. T. F. BYRNES, INC.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 85195

Memorandum filed November 23, 1949.

*Benjamin A. Markman,* of Hartford, for the Plaintiff.

*Joseph P. Cooney and Jerome T. Malliet,* of Hartford, for the Defendant.

INGLIS, J. This is an action for wrongful death. The complaint alleges that the tort was committed on March 24, 1949, and as one element of damages claims the funeral expenses of the decedent. This claim is grounded on General Statutes, Sup. 1949, § 679a, which provides for the inclusion of such expenses in the damages in such a case. That section, however, did not go into effect until July 1, 1949, and the demurrer seeks to raise the question whether it applies to a cause of action which arose prior to that date.

It is, of course, well established that the adoption of a statute, unless otherwise expressly provided therein, does not act retrospectively to affect substantive rights. *Massa* v. *Nastri,* 125 Conn. 144, 147; *Hart* v. *Board of Examiners of Embalmers,* 129 Conn. 128, 131. Clearly, a statute which gives a plaintiff an additional element of damages affects substantive rights. It takes a sum of money from one person and gives it to another, a sum of money which except for the statute would not be so transferred. It follows that the statute in question does not apply to increase the amount of damages recoverable for any injury sustained prior to July 1, 1949.

In form, the demurrer originally filed was directed to the complaint as a whole. Upon the suggestion of the court that, inasmuch as the complaint as a whole unquestionably stated a cause of action, the demurrer in that form could not be sustained, it was agreed by counsel that the defendants might substitute a demurrer in the form provided by the second paragraph of § 97 of the Practice Book; that is, a demurrer to the complaint in so far as it purported to state a separate cause of action for the funeral expenses, and this has been done. The difficulty with this substituted demurrer is that the claim to recover the funeral expenses is simply a part of the claim for damages and is not an allegation of a separate cause of action. It is therefore not a subject of attack by way of demurrer to a separate cause of action. As is said in *Seidler* v. *Burns,* 84 Conn. 111, 113; "The demurrer was properly overruled. It was a misdirected effort to have stricken from the complaint a

portion of the allegations of one paragraph claimed to set out improper elements of damage in connection with others admittedly proper. A motion, and not a demurrer, was the appropriate proceeding to resort to to accomplish that end."

So, here, the defendants have mistaken their remedy. The demurrer, for that reason, is overruled.