MARY LESSARD ET AL. *v.* ERNEST J. TARCA, JR.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 108070

Memorandum filed May 6, 1957.

*Sorokin & Sorokin,* of Hartford, for the plaintiffs.

*Francis J. Connolly,* of Hartford, for the defendant.

House, J. The complaint in this action states, in brief, that the named plaintiff, her husband and four young children were riding in an automobile operated by the named plaintiff when, due to the negligence of the defendant, it was struck by an automobile operated by the defendant. It is alleged that the named plaintiff, her husband and three sons were all injured in the accident, for which they seek damages. It is also alleged that the young daughter was pinned in the wreckage and burned to death. The administrator of her estate seeks damages for her death. In the actions brought by each of the five survivors it is alleged in the case of each plaintiff that that plaintiff sustained serious and severe shock, mental anguish and pain as a result of watching the young girl burn to death in the wreckage of the car.

By the present motion the defendant seeks an order that the plaintiffs be required to correct their complaint by striking or deleting therefrom these specific allegations claiming damages for mental suffering resulting from witnessing the death of their daughter and sister.

If these allegations are improper elements or grounds of damages, the proper attack is by motion and not by demurrer. *Seidler* v. *Burns,* 84 Conn. 111, 113; *Sarcia* v. *T. F. Byrnes, Inc.,* 16 Conn. Sup. 376, 377; *Wooster* v. *Hubbard,* 8 Conn. Sup. 219; see *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, 304.

The extent to which a plaintiff may recover damages for emotional disturbance has been the subject of much discussion and many decisions. Professor (now Judge) Magruder concluded his article on the

subject in 49 Harvard Law Review 1033-1067, "Mental and Emotional Disturbance in the Law of Torts," with these words: "If a consistent pattern cannot yet be clearly discerned in the cases, this but indicates that the law on this subject is in a process of growth." The development of the law is well traced in his article. For other helpful discussions of the subject, see "Developments in the Law—Damages—1935-1947," 61 Harv. L. Rev. 113, 138; Goodrich, "Emotional Disturbance as Legal Damage," 20 Mich. L. Rev. 497; Smith, "Relation of Emotions to Injury and Disease: Legal Liability for Psychic Stimuli," 30 Va. L. Rev. 193; Harper & James, Torts, § 18.4. It may be noted that the Restatement on Torts in a caveat carefully straddles the exact problem presented by this motion. Restatement, 2 Torts § 313. However, the general rule appears to be as stated in the annotation, "Negligence: Fear of injury to another, or shock or mental anguish at witnessing such injury, as the subject of damages," 18 A.L.R.2d 220, 234: "The general rule that a plaintiff cannot recover damages for nervous shock or mental anguish at sight of injury to another applies even though the plaintiff also has suffered physical injuries in the same accident." See also 38 Am. Jur. 660, § 18; 67 C.J.S. 761. While there are numerous cases from other jurisdictions, two strikingly similar to the facts in the present case may be noted; *Clough* v. *Steen,* 3 Cal. App. 2d 392, and *Maury* v. *United States,* 139 F. Sup. 532.

Connecticut was one of the earliest jurisdictions to recognize mental suffering consequent upon a physical injury as a permissible element of damages. *Seger* v. *Barkhamsted,* 22 Conn. 290, 298; see also *Masters* v. *Warren,* 27 Conn. 293, 300; *Maisenbacker* v. *Society Concordia,* 71 Conn. 369, 377; *Miller* v. *Connecticut Co.,* 112 Conn. 476, 478. In 1941 by its decision in the leading case of *Orlo* v. *Connecticut*

*Co.,* 128 Conn. 231, the Supreme Court of Errors, after reviewing and discussing the cases dealing with a recovery for injuries resulting from fright or nervous shock, repudiated the requirement that a contemporaneous injury of a traumatic nature be a condition precedent to recovery of damages for emotional shock.

In 1952 the decision in *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, 307, closed "an existing gap in our law of liability for personal injury" in indicating that a plaintiff might recover damages for emotional distress where she was the victim of a tort requiring neither physical impact nor danger therefrom. In this jurisdiction, therefore, many of the obstacles to recovery of damages for emotional distress which have been held to deny recovery in other jurisdictions no longer bar a plaintiff.

Nevertheless, it appears that the defendant's motion must be granted in this case—not because our courts do not recognize emotional distress as a proper element of damages but because it is a proper element of damages only when it results from the breach of a duty to the particular plaintiff. "Negligence is a breach of duty. *Collins* v. *City National Bank & Trust Co.,* 131 Conn. 167, 170." *Urban* v. *Hartford Gas Co.,* supra, 304. While on the facts alleged in this case the same negligence of the defendant constituted the breach of a legal duty to each of the plaintiffs for which each is entitled to recover damages, such damages are limited to those arising from the breach of the duty owed to each plaintiff respectively. The breach of a legal duty owed to the deceased child, while giving rise to a right of action in the estate of the child, does not create a separate breach of duty or cause of action in the other plaintiffs arising out of the breach of duty to the child even though the same negligent act which gave rise to the cause of action accruing to the child's

estate also gave rise to the cause of action in behalf of the other plaintiffs. As Judge Cardozo stated in the leading case of *Palsgraf* v. *Long Island R. Co.,* 248 N.Y. 339, 341, 342, "Negligence is not actionable unless it involves the invasion of a legally protected interest, the violation of a legal right. ... The plaintiff sues in her own right for a wrong personal to her, and not as the vicarious beneficiary of a breach of duty to another."

So in the present case, each of the plaintiffs is entitled to recover damages which arise out of the breach of any legal duty owed to him, including, under our law, damages for emotional distress, pain, suffering and shock which arise from that breach of duty, but such damages cannot include those which arise from witnessing injury to another since the particular plaintiff was not put in peril or fear of personal injury to himself by reason of such injury to the other. See *Fedukowski* v. *Fedukowski,* 18 Conn. Sup. 248, and cases cited supra.

Accordingly, defendant's motion is granted and the plaintiffs are ordered to correct their complaint by striking therefrom so much of paragraph 7 as states: "As a result of her watching her daughter Karen Lessard being burned to death she sustained serious and severe shock, mental anguish and pain"; so much of paragraph 8 as states: "As a result of his watching his daughter Karen Lessard being burned to death he sustained serious and severe shock, mental anguish and pain"; and so much of paragraph 9 as states: "They also sustained an acute emotional upset as the result of watching their young sister being burned to death in the flaming automobile."