593 P.2d 668
Dorothy Ann KECK, Appellant,

v.

Douglas C. JACKSON and Martha F.
Jackson, his wife, Appellees.

No. 13740–PR.

Supreme Court of Arizona,
En Banc.

April 5, 1979.

Napier & Jones by George Zelma, Phoenix, for appellant.

Robbins, Green, O'Grady & Abbuhl by Philip A. Robbins and Timothy C. Gerking, Phoenix, for appellees.

HAYS, Justice.

This case is before us on a petition for review of the decision of the Court of Appeals, *Keck v. Jackson*, 122 Ariz. 117, 593 P.2d 671 (1978), which reversed an order of the Superior Court dismissing Count One of appellant's complaint. 17A A.R.S. Rules of the Supreme Court, rule 47(b); A.R.S. § 12–120.24. The judge of the Superior Court, in her order to dismiss, correctly noted that no cause of action exists in Arizona for negligent infliction of emotional distress.

Plaintiff/appellant, Dorothy Keck, and her mother, Beatrice Gillespie, had stopped their car in the emergency parking lane of Interstate 40 near Flagstaff, Arizona, in order to repair a flat tire. The parked vehicle, with both the plaintiff and her mother inside, was hit by a car driven by defendant Martha F. Jackson. The plaintiff received serious physical injuries from the resulting impact, while the plaintiff's mother received fatal injuries. Mrs. Gillespie died three months later after continuous hospitalization.

For the purpose of this appeal we must accept as true all pertinent facts alleged in the complaint. *Lakin Cattle Co. v. Engelthaler*, 101 Ariz. 282, 419 P.2d 66 (1966). In her complaint the plaintiff alleged that the defendant, while under the influence of alcohol, negligently operated her vehicle so as to cause it to collide with the Keck vehicle. She further alleged that she suffered severe emotional and physical distress from witnessing her mother's injuries and suffering, both at the accident and during the prolonged hospitalization and intensive care required as a result of the accident, as well as from her mother's death.

To constitute actionable negligence there must be a duty owed to the plaintiff, a breach thereof, and an injury which is proximately caused by such breach. *Boyle v. City of Phoenix,* 115 Ariz. 106, 563 P.2d 905 (1977). The traditional view usually focused on the absence of one of these factors as a basis for denying recovery for negligent infliction of emotional distress. For example, injuries suffered by the plaintiff "bystander" have been held too remote from the defendant's negligent act. *E. g., Carey v. Pure Distributing Corp.,* 133 Tex. 31, 124 S.W.2d 847 (1939). The lack of a duty on the part of the defendant to exercise due care to avoid causing the mental or emotional disturbance has also been cited. *E. g., Lessard v. Tarca,* 20 Conn.Supp. 295, 133 A.2d 625 (Super.Ct.1957). On the other hand, later cases have emphasized the unlimited and unduly burdensome liability placed on a defendant, the problems of fraudulent claims, and the difficulty of circumscribing the area of liability. *E. g., Tobin v. Grossman,* 24 N.Y.2d 609, 301 N.Y. S.2d 554, 249 N.E.2d 419 (1969).

In recent years, however, there has been a departure from the traditional view, and, under certain circumstances, damages for an emotional disturbance caused by witnessing peril or harm to another have been allowed. The case law in this field, however, is in a state of confusion and no general agreement has yet been reached. Some jurisdictions allow recovery of damages only when the plaintiff has sustained a contemporaneous physical impact or injury. *Smith v. Rodene,* 69 Wash.2d 482, 418 P.2d 741 (1966), *modified on other grounds* 423 P.2d 934 (1967). This has been termed the impact theory. Other jurisdictions have extended the right to recover damages when the defendant's negligence has threatened the plaintiff with harm, thus placing him within the zone of danger. *E. g., Towns v. Anderson,* 579 P.2d 1163 (Colo.1978); *Whetham v. Bismarck Hospital,* 197 N.W.2d 678 (N.D.1972). Still other jurisdictions have held that damages for fear, fright, or shock

at the harm or peril of a third person may be recovered when accompanied by physical symptoms, despite the absence of physical damages to the plaintiff himself. *D'Ambra v. United States,* 114 R.I. 643, 338 A.2d 524 (1975).

■ We have analyzed the holdings in other jurisdictions as well as the following statement from the Restatement (Second) of Torts § 313 (1965):

*Emotional Distress Unintended*

(1) If the actor unintentionally causes emotional distress to another, he is subject to liability to the other for resulting illness or bodily harm if the actor

(a) should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person, and

(b) from facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm.

(2) The rule stated in Subsection (1) has no application to illness or bodily harm of another which is caused by emotional distress arising solely from harm or peril to a third person, unless the negligence of the actor has otherwise created an unreasonable risk of bodily harm to the other.

It is to be noted that, absent case law to the contrary, this Court usually follows the Restatement. *MacNeil v. Perkins,* 84 Ariz. 74, 324 P.2d 211 (1958). Although not necessary to a determination of this case, we indicate an inclination to adopt the rule of the Restatement set forth above. We conclude, therefore, that damages for shock or mental anguish at witnessing an injury to a third person, occasioned by a defendant's negligence, are recoverable.

Our holding is not without limitations, however. In order for there to be recovery for the tort of negligent infliction of emotional distress, the shock or mental anguish of the plaintiff must be manifested as a physical injury.[1] Damages for emotional

---

1. *See* Restatement (Second) of Torts § 436A (1965) which reads as follows: "If the actor's

conduct is negligent as creating an unreasonable risk of causing either bodily harm or emo-

disturbance alone are too speculative. Moreover, the emotional distress must result from witnessing an injury to a person with whom the plaintiff has a close personal relationship, either by consanguinity or otherwise.[2] *See generally* W. Prosser, the Law of Torts § 54 at 334–35 (4th ed. 1971). The problem of limiting bystander recovery can be justly resolved by treating each case on its own individual facts, but, as indicated by the Restatement, *supra,* at § 313(2), the plaintiff/bystander must himself have been in the zone of danger so that the negligent defendant created an unreasonable risk of bodily harm to him.

In the instant case, the complaint alleged that the injured person was the mother of the plaintiff. The complaint further alleged that the plaintiff suffered severe emotional and physical distress because of witnessing the injuries to her mother and that the plaintiff thereby suffered accompanying physical injury. We hold that a cause of action was stated. But we further hold that any damages recovered must have been proximately caused by the emotional disturbance that occurred at the time of the accident, and not thereafter.

The order of the Superior Court dismissing Count One of the plaintiff/appellant's complaint is reversed. The decision of the Court of Appeals is vacated. The case is remanded for proceedings consistent herewith.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.

---

tional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance."

2. One such example is provided by the case of *Leong v. Takasaki,* 55 Haw. 398, 520 P.2d 758 (1974), in which the absence of a blood relationship was held not to bar recovery by a ten-year-old boy for mental and emotional distress as a result of witnessing the death of his stepgrandmother.