**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MICHAEL LOZA, a single man, | No. 10-15651 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01118-DGC |
| v. | |
| AMERICAN HERITAGE LIFE INSURANCE COMPANY, a Florida corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted May 12, 2011
San Francisco, California

Before: GOODWIN and PAEZ, Circuit Judges, and O'GRADY, District Judge.[**]

After Arizona resident Michael Loza filed an insurance claim related to his

diagnosis of prostate cancer, American Heritage Life Insurance Company ("AHL")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Liam O'Grady, U.S. District Judge for the Eastern District of Virginia, sitting by designation.

rescinded his cancer insurance policy. AHL contends Loza misrepresented whether he was undergoing a diagnostic test for cancer at the time he applied for coverage and that his claim is based on an uncovered preexisting condition. Loza filed suit alleging claims for (1) breach of contract, (2) bad-faith denial of coverage, (3) negligent infliction of emotional distress, and (4) intentional infliction of emotional distress.

The district court granted AHL's motion for summary judgment as to all claims, finding that AHL was entitled to rescission as a matter of law and dismissing Loza's separate request for punitive damages. The district court also denied Loza's cross-motion for partial summary judgment as to his breach of contract claim, finding that AHL had not waived its right to rescission. Loza now appeals the district court's ruling as to both motions.

We review de novo a district court's grant or denial of summary judgment. *City of L.A. v. San Pedro Boat Works*, 635 F.3d 440, 446 (9th Cir. 2011). For the reasons that follow, we reverse the district court's order and remand for further proceedings. Because the parties are familiar with the facts and procedural history of the case, we do not recite them here except as necessary to our decision.

1.   **Breach of Contract**

To support a claim to rescission of an insurance contract under Arizona law, AHL must establish that Loza made a fraudulent misrepresentation in his insurance

2

application. ARIZ. REV. STAT. § 20-1109; *see also James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920–21 (9th Cir. 2008).

Question six of AHL's cancer insurance application asked in pertinent part: "Is any person to be insured currently undergoing any diagnostic test for, now being treated for, or ever been treated for, cancer or any malignancy . . . ." AHL argues that "diagnostic test for cancer" should be defined as any test that is part of a diagnostic process used to identify cancer. Thus AHL alleges that Loza's answer of "no" was a misrepresentation because he had recently undergone a prostate-specific antigen test ("PSA test"), which AHL contends is part of the diagnostic process for identifying prostate cancer and should have been disclosed in response to question six.

Loza counters that "diagnostic test for cancer" should be defined as a test that could itself identify or rule out the presence of cancer. Accordingly, he argues that his response to question six was not a misrepresentation because a PSA test cannot identify or rule out cancer. To assess whether Loza's answer was false, therefore, the court must determine the scope of "diagnostic test for cancer" as used within the application, which does not itself define the term. *See Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1132 (Ariz. 1982) ("The interpretation of an insurance contract is a question of law to be determined by the Court independent of the findings of the trial court.").

3

We hold that AHL was not entitled to rescission because the term "diagnostic test for cancer" is ambiguous under the facts here. To evaluate ambiguity in an insurance contract, Arizona law applies "a rule of common sense," requiring a court to consider whether "conflicting reasonable interpretations" are presented and whether "legislative goals, social policy, and examination of the transaction as a whole" support a finding of ambiguity. *Employers Mut. Cas. Co. v. DGG & CAR, Inc.*, 183 P.3d 513, 515 (Ariz. 2008) (internal quotation marks and citations omitted). "Moreover, the 'ambiguity' rule applies only after the court is unable to determine how the language of the policy applies to the specific facts of the case." *Id.* (internal quotation marks and alteration omitted). The undisputed medical evidence presented here is that a PSA test is used as a screening test in conjunction with other examination results to evaluate whether a cancer biopsy of the prostate is warranted, but could indicate a range of other medical issues. It is undisputed that a PSA test cannot itself diagnose or rule out prostate cancer. Thus, the medical evidence would reasonably support both AHL's broad reading of "diagnostic test for cancer" and

Loza's narrow reading of the same term, as these definitions apply to a PSA test.[1] Further, neither interpretation conflicts with standard definitions of this term.

The facts surrounding Loza's PSA test also fail to clarify whether he should have considered it to be a diagnostic test for cancer when answering question six. While AHL's underwriters testified it is "common knowledge" that a PSA test is used to detect prostate cancer, Loza testified that he did not know what a PSA test was, and there is no further evidence about public understanding of a PSA test. *See Sparks*, 647 P.2d at 1132 ("In determining whether an ambiguity exists in a policy, the language should be examined from the viewpoint of one not trained in law or in the insurance business."). While Loza's physical symptoms and medical history indicated a heightened potential for prostate cancer, his primary care physician did not tell him he was being tested for cancer either before or after the PSA test. Indeed, a PSA test is recommended for all men of Loza's age, regardless of their symptoms. Finally, the transaction here was initiated by AHL, and the application's language was prepared by AHL. We see no social policy or legislative goal that would conflict with our finding question six to be ambiguous under the circumstances here.

---

[1]AHL's reliance on *Eley v. Boeing Co.*, 945 F.2d 276, 279 (9th Cir. 1991), to support its interpretation is unavailing because our decision in that case centered on the broad discretion afforded to administrators under ERISA to interpret provisions of employee health plans.

Under Arizona law, an ambiguous term in an insurance document is construed against the insurer. *First Am. Title Ins. Co. v. Action Acquisitions, LLC*, 187 P.3d 1107, 1110 (Ariz. 2008) ("If an ambiguity remains after considering [all relevant] factors, we construe it against the insurer."); *State Farm Mut. Auto Ins. Co. v. Wilson*, 782 P.2d 727, 733 (Ariz. 1989) ("Once a court finds the requisite ambiguity, it is then compelled to construe the provision against the insurer."); *Sparks*, 647 P.2d at 1132 ("Where the language employed is unclear and can be reasonably construed in more than one sense, an ambiguity is said to exist and such ambiguity will be construed against the insurer."). Because there is no dispute that a PSA test cannot itself identify the presence of cancer, Loza's response to question six was not false under his narrow definition of "diagnostic test for cancer." Accordingly, AHL is not entitled to rescission pursuant to § 20-1109.

We therefore reverse summary judgment as to Loza's breach of contract claim. Loza may now himself be entitled to summary judgment on this claim, but the district court did not address AHL's second argument that his insurance claim was based on an uncovered preexisting condition. We decline to address on appeal an argument not decided in the district court. Accordingly, we remand this issue to the district court for a determination of whether this issue precludes entry of summary judgment as to Loza's breach of contract claim.

## 2. Bad Faith

The district court found that AHL was entitled to summary judgment on Loza's claim to bad-faith denial of coverage because his misrepresentation in the application was a reasonable basis upon which to rescind the policy. Because we hold that Loza made no misrepresentation, we reverse summary judgment and remand this claim for further proceedings. *See Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 279 (Ariz. 2000) ("While an insurer may challenge claims which are fairly debatable, its belief in fair debatability 'is a question of fact to be determined by the jury'") (quoting *Sparks*, 647 P.2d at 1137) (internal citation omitted). Loza may also be entitled to punitive damages on the basis of this claim. *See Filasky v. Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 82–83 (Ariz. 1987).

## 3. Negligent Infliction of Emotional Distress

The district court granted AHL summary judgment on Loza's claim to negligent infliction of emotional distress because "[i]t is undisputed that Loza received no physical injury from the actions of [AHL]." In Arizona, the tort of negligent infliction of emotional distress requires that emotional distress result in illness or bodily harm. *Keck v. Jackson*, 593 P.2d 668, 669 (Ariz. 1979). Under Arizona law, however, "bodily harm" can include "substantial, long-term emotional disturbances unaccompanied by any physical injury." *Harris v. Maricopa Cnty. Superior Court*,

7

631 F.3d 963, 978 (9th Cir. 2011) (internal quotation marks and citation omitted). Accordingly, we reverse summary judgment and remand for further proceedings to determine if Loza has sufficient evidence of long-term emotional disturbance to support a triable issue of fact on this claim.

### 4. Intentional Infliction of Emotional Distress

Because Loza conceded that his claim to intentional infliction of emotional distress could not succeed if AHL validly rescinded the policy, the district court entered summary judgment without addressing whether there was evidence to support all the necessary elements of this claim. *See Citizen Publ'g Co. v. Miller*, 115 P.3d 107, 110 (Ariz. 2005) (identifying necessary elements of this claim under Arizona law). Accordingly, we reverse summary judgment and remand for further proceedings to determine whether Loza has sufficient evidence to support a triable issue of fact on this claim.

**Reversed and Remanded.**