NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PATRICIA SNYDER, an individual, *Plaintiff/Appellant*,

*v.*

BANNER HEALTH, an Arizona corporation; RAMIL GOEL, M.D., an individual, *Defendants/Appellee*s.

No. 1 CA-CV 13-0630
FILED 10-07-2014

Appeal from the Superior Court in Maricopa County
No.  CV 2011-099491
The Honorable David M. Talamante, Judge

**AFFIRMED IN PART; REMANDED IN PART**

COUNSEL

Philip A. Seplow Attorney at Law, Phoenix
By Philip A. Seplow
*Counsel for Plaintiff/Appellant*

Campbell Yost Clare & Norell, P.C., Phoenix
By Margaret F. Dean
*Counsel for Defendant/Appellee Banner Health*

Bradford Law Offices, P.L.L.C., Phoenix
By Michael E. Bradford
*Co-Counsel for Defendant/Appellee Goel*

Jones Skelton & Hochuli, P.L.C., Phoenix
By Eileen Dennis GilBride
*Co-Counsel for Defendant/Appellee Goel*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Samuel A. Thumma joined.

---

**D O W N I E**, Judge:

**¶1**　　　　Patricia Snyder ("Appellant") appeals the dismissal of her claims against Banner Health ("Banner") and Ramil Goel, M.D. (collectively, "Appellees"). For the following reasons, we affirm the dismissal of all claims except the intentional infliction of emotional distress claim against Banner and the defamation claims against Appellees.

**FACTS AND PROCEDURAL HISTORY**[1]

**¶2**　　　　In four separate complaints, Appellant has attempted to articulate actionable causes of action against Appellees. Deficiencies exist in each of the complaints. In essence, Appellant complains generally

---

[1]　　Appellant's statement of facts is highly argumentative and offers only generic record citations. Accordingly, we rely on facts from Appellees' properly documented statements of fact, as well as our own review of the record. *See Ariz. Dep't of Econ. Sec. v. Redlon,* 215 Ariz. 13, 15, ¶2, 156 P.3d 430, 432 (App. 2007).

about actions and omissions that occurred while her late husband, John Snyder, was a patient at a Banner hospital.[2]

¶3        Appellant held a medical power of attorney for her husband, a disabled veteran. Appellant alleges that a "perpetrator of an earlier assault" requested a welfare check on Mr. Snyder, who was then "wrongfully removed from his home based on [this] false report." According to Appellant, Mr. Snyder was taken to a Banner facility and "admitted for observation, treated for slight dehydration, and . . . officially discharged" after two days.  Appellant alleges Appellees did not permit her to take Mr. Snyder home upon discharge but instead "held [him] unlawfully" for several days, preventing her from having contact with her husband or receiving information about him.  She further contends Appellees initiated a false report to Adult Protective Services ("APS") and provided "[e]rroneous information and defamatory remarks" to police and medical staff at the VA hospital.  Appellant asserts there was no evidence she abused her husband, who suffered from a "failure to thrive" and "mental health problems."

¶4        Appellant filed suit in October 2011, asserting claims on behalf of both Mr. Snyder and herself. She later dismissed her medical malpractice and wrongful death claims.  At that time, the parties agreed Appellant could file an amended complaint.

¶5        The first amended complaint purported to allege, in summary fashion, claims for "intentional and/or negligent infliction of emotional distress, breach of contract, negligent supervision, defamation, falsification of records, deliberate indifference, conspiracy to commit false detention or arrest and invasion of privacy."  Appellees moved to dismiss the first amended complaint on various grounds.  The parties later stipulated that all claims asserted on behalf of Mr. Snyder would be dismissed with prejudice and that the only claims remaining were "those brought by and on behalf of Patricia Snyder."

¶6        After briefing and oral argument, the superior court dismissed with prejudice those claims in the first amended complaint "relating to medical malpractice, breach of contract and false reporting," dismissed without prejudice "all other allegations," and directed that any future complaints "comply with [Arizona Rule of Civil Procedure] 10(b)

---

[2]        Mr. Snyder died several months after being discharged from the hospital.

and clearly set forth the basis for each claim and the dates upon which they are claimed to have [occurred]."

¶7        Appellant then filed a second amended complaint. Appellees moved to dismiss that complaint under Rule 12(b)(6). The superior court dismissed with prejudice the claims for negligent supervision, invasion of privacy, and conspiracy. It also dismissed with prejudice the intentional infliction of emotional distress cause of action against Dr. Goel. Additionally, the court dismissed the following claims without prejudice: intentional infliction of emotional distress as against Banner, negligent infliction of emotional distress, and defamation. The court further ruled "there is no cause of action based on the allegations that Plaintiff characterized as a duty of care based on the power of attorney."

¶8        Appellant filed a third amended complaint that re-alleged the three causes of action dismissed without prejudice. Appellees answered and then moved for judgment on the pleadings. The superior court granted Appellees' motion, dismissing all remaining claims with prejudice. Appellant filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

¶9        Appellant challenges the superior court's resolution of the duty question, as well as its dismissal of her claims for intentional and negligent infliction of emotional distress, defamation, "conspiracy to commit false detention or arrest," invasion of privacy, and negligent supervision. We confine our review to these identified issues.

## I.    Standard of Review

¶10        The parties appear to agree that our review should be based on Rule 12(b)(6) and 12(c) standards. They do not address the rather extensive extrinsic documentation both sides filed in connection with the motions to dismiss and the motion for judgment on the pleadings. The superior court did not state whether it was excluding those documents or considering them. The inclusion of such documents would typically convert the motions into motions for summary judgment. *See* Rule 12(b)(6) (motions to dismiss); 12(c) (motions for judgment on the pleadings); *Frey v. Stoneman*, 150 Ariz. 106, 109, 722 P.2d 274, 277 (1986); *Crook v. Anderson*, 115 Ariz. 402, 403, 565 P.2d 908, 909 (App. 1977). In this case, though, the parties and the court repeatedly stated they were *not* proceeding under summary judgment standards. We therefore review the

dismissal orders under Rules 12(b)(6) and 12(c), without considering documents extrinsic to the pleadings.

**¶11** We consider the dismissal of claims under Rule 12(b)(6) *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012). We also review the grant of a motion for judgment on the pleadings *de novo*. *Mobile Cmty. Council for Progress, Inc. v. Brock*, 211 Ariz. 196, 198, ¶ 5, 119 P.3d 463, 465 (App. 2005). Well-pleaded material allegations of the complaint are taken as true, but conclusions of law or unwarranted deductions of fact are not. *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 466, ¶ 19, 160 P.3d 1216, 1224 (App. 2007).

## II. Duty of Care

**¶12** To the extent Appellant suggests she may prosecute claims that her husband might have brought simply because she held his medical power of attorney, we disagree. None of the cited authorities stand for that proposition. Moreover, Appellant's arguments about A.R.S. §§ 36-2221 and -3204 are presented in a vacuum, unlinked to any cause of action actually alleged. Appellant has not sued Appellees for statutory violations. As relevant here, she has asserted claims for intentional and negligent infliction of emotional distress, defamation, "conspiracy to commit false detention or arrest," invasion of privacy, and negligent supervision. Because the dismissal of claims affirmed in this appeal is based on reasons unrelated to the duty question, and the claims we are remanding do not require proof of a legal duty, we do not discuss this issue further.

## III. Emotional Distress Claims

### A. Intentional Infliction of Emotional Distress

#### 1. Dr. Goel

**¶13** Dr. Goel sought dismissal of the intentional infliction of emotional distress claim, arguing the second amended complaint alleged no conduct by him in connection with this cause of action. At oral argument, the superior court focused on that issue, asking Appellant's counsel: "Where in the complaint does it allege that Dr. Goel has engaged in any of th[e] activity" alleged as a basis for intentional infliction of emotional distress? Counsel responded, "I have to check, Your Honor," but offered nothing further on this point, causing the court to state at the conclusion of the hearing:

I asked during the course of the hearing as it related to the intentional infliction of emotional distress as it relates to Dr. Goel, what specific facts? What – what did he do? And what has been alleged in the complaint to show that he committed that tort against Plaintiff? The complaint doesn't answer that question and I didn't get an answer to that question today in argument. The complaint does have some additional representations as it relates to Banner on that issue, and that might need to be flushed out.

But because this is the third bite at the apple, as it relates to Dr. Goel, the cause of – the allegations with regard to the intentional infliction of emotional distress are dismissed with prejudice.

¶14 Based on the record before it, the court properly dismissed the intentional infliction of emotional distress claim against Dr. Goel with prejudice.

> 2. Banner

¶15 An intentional infliction of emotional distress claim requires proof of: (1) extreme and outrageous conduct; (2) an intent to cause emotional distress or reckless disregard of the near certainty that distress would result from such conduct; and (3) severe emotional distress. *Helfond v. Stamper*, 149 Ariz. 9, 11, 716 P.2d 70, 72 (App. 1986). In terms of the first element:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Restatement (Second) of Torts § 46 cmt. d; *see also Ford v. Revlon*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987) (adopting the Restatement articulation of the standard of liability for intentional infliction of emotional distress claims).

¶16 The third amended complaint's allegations against Banner are minimally adequate to survive dismissal under Rule 12(c), though we

express no opinion about whether the claim can survive a motion for summary judgment. *See* Restatement (Second) of Torts § 46 cmt. h ("It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery."). The Arizona Supreme Court decisions Banner relies on all arise in the context of a motion for summary judgment or a trial, where there was a developed factual record regarding the intentional infliction of emotional distress claim. *See Ford*, 153 Ariz. at 43, 734 P.2d at 585 (analyzing jury verdict against defendant for intentional infliction of emotional distress); *Lucchesi v. Frederic N. Stimmell, M.D., Ltd.*, 149 Ariz. 76, 80, 716 P.2d 1013, 1017 (1986) (reversing grant of summary judgment on intentional infliction claim); *Watts v. Golden Age Nursing Home*, 127 Ariz. 255, 258, 619 P.2d 1032, 1035 (1980) (affirming directed verdict against plaintiff on intentional infliction claim).

¶17 We disagree with the superior court's conclusion that the intentional infliction of emotional distress claim against Banner "inescapably derived" from the medical malpractice claim, such that its dismissal was required under the "law of the case" doctrine. Appellant is not foreclosed from relying on some of the facts previously alleged as medical negligence or false reporting in asserting her intentional infliction of emotional distress claim. The gravamen of her intentional infliction claim is that Banner wrongfully kept her from seeing her husband or participating in his care and threatened her with arrest, causing her (as opposed to Mr. Snyder) damages. We vacate the dismissal of the intentional infliction of emotional distress claim against Banner and remand that cause of action for further appropriate proceedings.

### B. Negligent Infliction of Emotional Distress

¶18 A claim for negligent infliction of emotional distress requires proof that a defendant's conduct caused the plaintiff to suffer emotional distress that manifested itself as physical injury from either witnessing an injury to a closely related person or suffering a threat to her own personal security. *Keck v. Jackson*, 122 Ariz. 114, 115-16, 593 P.2d 668, 669-70 (1979); *Quinn v. Turner*, 155 Ariz. 225, 226, 745 P.2d 972, 973 (App. 1987). The plaintiff must have been in a zone of danger such that the defendant exposed her to an unreasonable risk of bodily harm. *Pierce v. Casas Adobes Baptist Church*, 162 Ariz. 269, 272, 782 P.2d 1162, 1165 (1989); *Keck*, 122 Ariz. at 116, 593 P.2d at 670.

¶19 Appellant alleged the following in connection with her claim for negligent infliction of emotional distress:

- She attempted to remove her husband from the hospital, but a hospital employee pushed her away, "took command of the wheelchair, and without the consent of Plaintiff or the approval of Plaintiff's husband, wheeled the Plaintiff's husband down the hallway and Plaintiff was prevented from any further contact . . . because large security men from the hospital surrounded the Plaintiff at that time."

- Plaintiff received a call that her husband was being released "and she was given discharge instructions advising her to give him the medication she had specifically said not to give him. Plaintiff was not informed of any possible danger to her from her husband's condition."

- "Upon releasing John Snyder, Defendants failed to warn Plaintiff of what was later determined to be hospital induced delirium, which poses a risk or threat of violent conduct to him or others. The failure to warn Plaintiff of her husband's condition placed her in a reasonably foreseeable area (zone) of danger from violent conduct by her husband."

¶20 The superior court correctly concluded that, based on Appellant's own allegations, she was not in a "zone of danger so as to be subject to an unreasonable risk of bodily harm" created by Appellees. *Pierce*, 162 Ariz. at 272, 782 P.2d at 1165. Neither Appellant's allegations nor reasonable inferences therefrom suggest Appellant was exposed to an unreasonable risk of bodily harm or that she suffered concomitant physical injury. The superior court properly dismissed the negligent infliction of emotional distress claims against Appellees.

## IV. Defamation

¶21 Appellant's defamation claim is based on statements Appellees reportedly made to protective services agencies, law enforcement, and staff at the VA hospital. Appellees contend: (1) the cause of action is barred by the statute of limitations; (2) they have immunity and/or a privilege for reports made to adult protective services agencies and statements included in medical records; and (3) the statements Appellant has alleged are not defamatory as a matter of law.

**¶22** The statute of limitations for defamation claims is one year. A.R.S. § 12-541(1). All of the alleged defamatory statements occurred on or before November 4, 2009, the date of Mr. Snyder's discharge. Appellant did not file suit until October 2011, almost two years later. *See Lim v. Superior Court*, 126 Ariz. 481, 482, 616 P.2d 941, 942 (App. 1980) ("An action for defamation accrues and the Statute of Limitations begins to run upon publication."). Appellant asserts, however, that she was unaware she had been accused of abusing her husband and alleged in the third amended complaint that "many of the false statements have recently been discovered."

**¶23** The question of when a plaintiff discovered or should have discovered facts giving rise to a claim is seldom resolved on the pleadings. *Doe v. Roe*, 191 Ariz. 313, 323, ¶¶ 32-33, 955 P.2d 951, 961 (1998). There are, however, cases involving the discovery rule where summary judgment is appropriate. *See id.*; *Thompson v. Pima Cnty.*, 226 Ariz. 42, 46-47, ¶¶ 12-15, 243 P.3d 1024, 1028-29 (App. 2010) (summary judgment proper because plaintiffs had reasonable notice to investigate the cause of the injury). We express no opinion about whether the statute of limitations defense might succeed at the summary judgment stage, but without considering extrinsic evidence, we cannot conclude that it bars Appellant's defamation claim as a matter of law.

**¶24** We agree with Appellees' contention that they have immunity for reporting potential abuse to protective service agencies unless their reports were made with malice. *See* A.R.S. § 46-453(A). Appellant's counsel conceded at oral argument before the superior court that Appellees had "a right to call APS" initially, but argued that later reports to the agency were defamatory. Whether those subsequent communications are actionable depends on whether Appellant can establish malice — an issue that must be resolved on a more developed factual record. For purposes of Rules 12(b)(6) and 12(c), the third amended complaint sufficiently alleges malice.

**¶25** Additionally, Appellees may enjoy a conditional privilege for factual notes included in medical records. *See* Restatement (Second) of Torts §§ 595-96. However, application of this conditional privilege must be resolved on a more developed factual record.

**¶26** Appellees argue that specific statements attributed to them are not defamatory as a matter of law. Once again, however, we cannot consider extrinsic evidence to place the alleged statements in context. Appellees may be correct that some or all of the statements are not

defamatory as a matter of law, but we cannot definitively so hold at this juncture.

**¶27** Finally, although the defamation allegations against Dr. Goel appear more limited than those against Banner, they are minimally adequate to survive dismissal under Rule 12. Certain statements attributed to Appellees may not be actionable (e.g., "[t]he home is unsafe" and "there was no food and running water in the home"). But Appellant has additionally alleged that Appellees collectively "initiated multiple false reports" of abuse to APS, "provided erroneous information and made defamatory remarks to police and medical staff at the VA hospital," and "perpetuated lies about abuse to other agencies." Dr. Goel may be able to demonstrate that these claims fail as a matter of law under Rule 56, but we cannot affirm the dismissal based on Rule 12(b)(6) and 12(c) standards.

## V. Conspiracy to Commit False Detention or Arrest

**¶28** The second amended complaint denominates this cause of action as "conspiracy to commit false detention or arrest." It alleges Mr. Snyder "was denied his right to leave" the hospital and that "defendants cooperated together to bar [Appellant] from the hospital despite her legitimate reasons for being there."

**¶29** "[T]here is no such thing as a civil action for conspiracy." *Perry v. Apache Junction Elementary Sch. Dist. No. 43 Bd. of Trs.*, 20 Ariz. App. 561, 564, 514 P.2d 514, 517 (1973). Moreover, Appellant's first allegation clearly asserts a claim on behalf of Mr. Snyder and was properly dismissed. Appellant also failed to state a cognizable claim on her own behalf. The tort of false arrest is defined as the detention of a person without consent and without lawful authority. *Slade v. City of Phx.*, 112 Ariz. 298, 300, 541 P.2d 550, 552 (1975); *Torrez v. Knowlton*, 205 Ariz. 550, 552, ¶ 4, 73 P.3d 1285, 1287 (App. 2003). "The essence of false imprisonment is the direct restraint of personal liberty or freedom of locomotion, either by actual force or fear of force." *Deadman v. Valley Nat'l Bank of Ariz.*, 154 Ariz. 452, 457, 743 P.2d 961, 966 (App. 1987). Appellant has not alleged *she* was arrested or that Appellees confined her in any manner. Indeed, at oral argument before the superior court, Appellant's counsel conceded the "false detention" was of Mr. Snyder, not Appellant.

**¶30** The superior court properly dismissed Appellant's conspiracy to commit false detention or arrest claims.

**VI.      Invasion of Privacy**

¶31      The second amended complaint alleges:

> Defendants purposefully ignored Plaintiff's legal power of
> attorney, including her medical power of attorney and made
> decisions contrary to her wishes and her husband's desire to
> be treated at the VA hospital.   False information was
> disseminated accusing Plaintiff of abuse and neglect based
> on   unsubstantiated   allegations   written   into   reports.
> Defendants continued to act on those allegations even after
> being advised of their falsity.   The publication of these
> statements to outside individuals including Adult Protective
> Services, Veteran's Administration personnel and state and
> local agencies subjected Plaintiff to contempt and scorn by
> complete strangers in the hospital system.   She had to
> involve the police for welfare checks on [her] husband and a
> civil escort because of the Defendants' outrageous conduct.
> She was forced to share private matters of her life for police
> cooperation to assist her in contacting her husband to bring
> him home.   Defendants used Mr. Snyder's medical records
> to promote their campaign of harm to Plaintiff.

¶32      Appellant does not specify which invasion of privacy theory
she is asserting.   Regardless, she failed to properly plead either intrusion
upon seclusion or false light.   Indeed, at oral argument before the superior
court, Appellant's counsel conceded that, of all the remaining claims,
"invasion of privacy is fairly weak."

¶33      To state a claim for intrusion upon seclusion, a plaintiff must
allege the defendant intentionally intruded on the solitude or seclusion of
another.   Restatement (Second) of Torts § 652B.   Such an intrusion must be
"into a private place," such as forcing one's way into the plaintiff's home
or,   with   the   use   of   aids,   observing   plaintiff's   "private   affairs."
Restatement (Second) of Torts § 625B cmt. b-c; *see also Hart v. Seven Resorts,
Inc.*, 190 Ariz. 272, 279, 947 P.2d 846, 853 (App. 1997).   Appellant has not
alleged that any of Appellees' actions invaded her private space.

¶34      A claim for false light requires the plaintiff to establish: (1)
she was placed in a false light before the public; (2) the false light was
highly offensive to a reasonable person; and (3) the publisher knew of or
acted in reckless disregard to the falsity of the publicized matter and the
false light in which plaintiff was placed.   Restatement (Second) of Torts

11

§ 652E; *see also Godbehere v. Phx. Newspapers, Inc.*, 162 Ariz. 335, 342, 783 P.2d 781, 788 (1989). Under false light, "public" means the matter is communicated to "the public at large" or "to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Restatement (Second) of Torts §§ 652D cmt. a, 652E cmt. a. Appellant has not alleged that the purportedly actionable statements were made to the public at large, that they would be highly offensive to a reasonable person, or that Appellees acted intentionally or with reckless disregard in making the statements. The superior court properly dismissed the invasion of privacy claims.

## VII. Negligent Supervision

¶35    The second amended complaint alleged negligent supervision against Banner as follows:

> Banner allowed Defendant Goel and others at the hospital to detain John Snyder and administer unnecessary medication, a neuroleptic, Risperdal, which [Snyder] as power of attorney refused as her husband did not tolerate it. Defendant Banner allowed Defendant Goel to practice psychiatric medicine on John Snyder without any medical credentials. Plaintiff, medical power of attorney, disclosed her husband's recent medical history on October 23, 2009, the day of admission, to a psychiatric consult. The consult's medical evaluation was ignored by both Drs. Goel and Varteresian. They forced Risperdal via a gastric tube.

¶36    These allegations purport to assert medical malpractice and injuries to Mr. Snyder. As pled, the court properly dismissed Appellant's cause of action for negligent supervision.

**CONCLUSION**

**¶37**    We affirm the dismissal of all claims against Appellees with the exception of the intentional infliction of emotional distress claim against Banner and the defamation claims against both Banner and Dr. Goel.    We remand those causes of action for further appropriate proceedings, expressing no opinion about their substantive merits if challenged by a motion for summary judgment.  We deny Appellant's and Banner's requests for attorneys' fees.  We make no award of taxable costs, as each party has partially prevailed on appeal.



Ruth A. Willingham · Clerk of the Court
FILED: gsh