NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IVONNE ODRIOZOLA, et al., *Plaintiffs/Appellants*,

*v.*

JENNIFER L. PAGE WOOD, *Defendant/Appellee*.

No. 1 CA-CV 23-0295
FILED 3-21-2024

Appeal from the Superior Court in Maricopa County
No.  CV2021-009254
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Law Office of Larry A. Zier, PC, Scottsdale
By Larry A. Zier
*Co-Counsel for Plaintiffs/Appellants*

Ahwatukee Legal Office, PC, Phoenix
By David L. Abney
*Co-Counsel for Plaintiffs/Appellants*

Jones Skelton & Hochuli, PLC, Phoenix
By Ryan McCarthy, David Onuschak II, Jonathan Barnes Jr.
*Counsel for Defendant/Appellee*

————————————————

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

————————————————

**C A T T A N I**, Judge:

¶1            Ivonne Odriozola and Brianna Odriozola (collectively "the Odriozolas") appeal the superior court's grant of summary judgment on their negligent infliction of emotional distress ("NIED") claims stemming from a motor-vehicle accident that killed Josue Odriozola. Because the Odriozolas did not proffer facts necessary to establish a NIED claim, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2            Jennifer Wood was driving her vehicle when she stopped at a stop sign and waited for several vehicles to pass. As she turned left, her vehicle collided with Josue's motorcycle.

¶3            Ivonne (Josue's wife) and Brianna (Josue's adult daughter) were traveling in a vehicle further ahead along the same road as Josue's motorcycle when the accident occurred. The Odriozolas did not see the accident. Instead, Ivonne checked her side view mirror and noticed that Josue was no longer following her vehicle. She then made a U-turn and traveled back the way she came. When the Odriozolas approached the accident scene, they saw Josue lying on the ground. Josue was then transported to a hospital, where he died from his injuries.

¶4            The Odriozolas sued Wood for wrongful death and NIED. Wood accepted an offer of judgment on the wrongful death claim and moved for summary judgment on the NIED claims. Following oral argument, the superior court granted Wood's motion, finding that "[t]here are no genuine issues of material fact that [the Odriozolas] were not in the 'zone of danger' and did not witness the subject accident."

¶5            The Odriozolas timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶6**       The Odriozolas argue that the superior court erred by granting summary judgment after concluding that they were not in the zone of danger and had not witnessed Josue's injury. We review a grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. *Santorii v. MartinezRusso, LLC*, 240 Ariz. 454, 456, ¶ 6 (App. 2016). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a).

**¶7**       To establish a NIED claim, a plaintiff must have (1) witnessed an injury to a closely related person, (2) suffered mental anguish manifested as a physical injury, and (3) been within the zone of danger so as to be subjected to an unreasonable risk of bodily harm created by the defendant. *Quinn v. Turner*, 155 Ariz. 225, 227 (App. 1987); *see also Keck v. Jackson*, 122 Ariz. 114, 115–16 (1979). Here, the Odriozolas did not meet their burden of establishing these elements.

**I.       Zone of Danger.**

**¶8**       The Odriozolas posit that a reasonable juror could have concluded that they were within the zone of danger when the collision occurred. But NIED liability "applies only where the negligent conduct of the actor threatens the other with emotional distress . . . arising out of fear for his own safety, or the invasion of his own interests." Restatement (Second) of Torts § 313 cmt. d (1965); *see also Quinn*, 155 Ariz. at 229 (absent controlling authority, this court follows the Restatement). Thus, a plaintiff cannot recover "unless she was herself in the path of the vehicle, or was in some other manner threatened with bodily harm to herself." Restatement (Second) of Torts § 313 cmt. d (1965).

**¶9**       In this case, Ivonne could not have feared for her own safety because she admitted that the first time she saw Wood's vehicle "was after it had already collided with [Josue]." And Brianna admitted she was "never in any fear of being injured" and "never thought the other driver was going to hit [her]." And because the Odriozolas neither saw nor heard the accident when it happened, they could not have feared for Josue's safety when the accident occurred. Thus, the superior court did not err by concluding that the Odriozolas were not in the zone of danger.

## II. Witnessing an Injury.

**¶10** The Odriozolas next assert that the superior court erred by finding that they had not witnessed "the subject accident." They argue that witnessing "an injury" to a closely related person during or after the accident suffices to establish this element of a NIED claim. But under the Restatement, "the defendant is subject to liability if the third person is a member of the plaintiff's immediate family, and the peril or harm to such a person occurs in the plaintiff's presence." Restatement (Second) of Torts § 436 cmt. f (1965); *see also State Farm Mut. Auto. Ins. Co. v. Connolly ex rel. Connolly*, 212 Ariz. 417, 423, ¶ 23 (App. 2006) ("[A NIED] plaintiff's injury is due to the unique experience of having witnessed, at such close range as to be in the 'zone of danger,' the event that caused the injury to the other person.").

**¶11** Here, Josue was not harmed in the Odriozolas' presence. As noted above, the Odriozolas admitted they did not see the event that caused Josue's injury, and instead saw only the aftermath of the accident. Accordingly, the superior court did not err by finding that the Odriozolas had not "witness[ed] the subject accident" and thus had not witnessed the injury.

## III. Costs.

**¶12** The Odriozolas request their costs under A.R.S. §§ 12-331, -332, -341, -342, and under ARCAP 21. Because they have not prevailed on appeal, we deny their request.

### CONCLUSION

**¶13** Because the Odriozolas were not in the zone of danger and did not witness an injury to Josue, the superior court did not err by granting Wood's motion for summary judgment on the Odriozolas' NIED claim. Accordingly, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4