**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENDA SUE PORTER, an individual,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation,<br><br>Defendant - Appellee. | No. 25-5283<br><br>D.C. No.<br>2:25-cv-01220-SPL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted May 21, 2026
Phoenix, Arizona

Before: GOULD, BERZON, and HURWITZ, Circuit Judges.

Kenda Sue Porter appeals the district court's dismissal with prejudice of her action against The Church of Jesus Christ of Latter-Day Saints ("the Church") arising from an accident that occurred on September 10, 2023. We reverse and remand.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review *de novo* a grant of a motion to dismiss. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 663-64 (9th Cir. 2008). We review the district court's denial of leave to amend for abuse of discretion. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

1. To state a claim for negligence or for premises liability under Arizona law, a plaintiff must allege the elements of duty, breach, causation, and damages. *Perez v. Circle K Convenience Stores, Inc.*, 564 P.3d 623, 626 (Ariz. 2025). The district court incorrectly determined that Ms. Porter could not establish the elements of breach or causation "as a matter of law." Duty was undisputed because Porter was an invitee of the Church. Under *Perez v. Circle K*, "factual issues of breach and causation . . . generally are questions for the jury once a duty is established." 564 P.3d at 630. Porter alleged that the Church directed a rushed and uncoordinated chair-removal process without adequate safeguards, leading to the sudden removal of her chair while she was rising from the chair, which caused her to fall and injure her wrist. Those allegations create factual disputes about breach and causation that could not properly be resolved by a motion to dismiss.

2. The district court did not err in dismissing Porter's negligent infliction of emotional distress claim because her complaint did not clearly allege that her emotional distress "manifest[ed] itself in some physical way." *Quinn v. Turner*, 745 P.2d 972, 973 (Ariz. Ct. App. 1987) (citing *Keck v. Jackson*, 593 P.2d 668

25-5283

(Ariz. 1979)).  However, because Porter unsuccessfully requested leave to amend and it is not clear that amendment would be futile, we vacate the dismissal of that claim to allow Porter to seek leave to amend on remand.

**REVERSED AND REMANDED.**

25-5283